BARTEMEYER *v.* IOWA.

When a Supreme Court of a State is composed of a chief justice and several associates, writs of error to the court under the 25th section of the Judiciary Act must be signed by the chief justice; and if signed by one of the associates only, it will be dismissed for want of jurisdiction.

ERROR to the Supreme Court of the State of Iowa; the case being thus:

The 25th section of the Judiciary Act, quoted *supra*, p. 5–6, which gives a right to this court to re-examine, in certain cases specified, the final judgment or decree of any suit in the highest court of law or equity in which a decision in the suit could be had, says that the same

"May be re-examined, and reversed or affirmed, in the Supreme Court of the United States, upon a writ of error, *the cita-*

---

* Rector *v.* Ashley, 6 Wallace, 142; Kingler *v* State of Missouri, 13 Id. 257; and Steines *v.* Franklin County, *supra*, 15.

*tion being signed by the chief justice, or judge, or chancellor of the court* rendering or passing the judgment or decree complained of; or by a justice of the Supreme Court of the United States."

This statute being in force, one Bartemeyer sought to bring here, under the 25th section thus referred to, of the Judiciary Act, a judgment rendered by the Supreme Court of Iowa. That court is composed of a chief justice and three associates. *The writ was allowed by one of these last.* The case, in this court, was submitted on printed briefs, in advance of its regular call, by *Mr. W. T. Dittoe, for the plaintiff in error, and Mr. H. O'Connor, contra;* no objection being taken by the latter to the fact that the writ was not signed by the chief justice of the Supreme Court of Iowa; and the case being argued in the briefs on merits.

Mr. Justice MILLER delivered the opinion of the court.

This case is submitted to us on printed argument. In this class of cases the court has been in the habit of examining the record to see if it has jurisdiction whether the question is raised by counsel or not; and the case before us we find ourselves compelled to dismiss, because there is no proper allowance of the writ of error.

Writs of error to the Circuit Court, under the 22d section of the Judiciary Act, issue as a matter of course, and can be obtained from the clerk of the Circuit Court, and, when filed in his office by the party, are duly served. But writs of error to the State courts can only issue when one of the questions mentioned in the 25th section of that act was decided by the court to which the writ is directed, and in order that there may be some security that such a question was decided in the case, the statute requires that the citation must be signed by the chief justice, or judge, or chancellor of the court rendering or passing the judgment or decree complained of, or by a justice of the Supreme Court of the United States. It has been the settled doctrine of this court that a writ of error to a State court must be allowed by one of the judges above mentioned, or it will be dismissed for want of jurisdiction, and the case before us raises the ques-

tion whether the writ has been allowed by a judge author-ized to do so.

The Supreme Court of Iowa, which rendered the judg-ment complained of, is composed of a chief justice and three associate justices, and this writ is allowed by one of the asso-ciate justices.

We are of opinion that the act of Congress requires that, when there is a court so composed, the writ can only be allowed by the chief justice of that court, or by a justice of the Supreme Court of the United States. In case of a writ to a court composed of a single judge or chancellor, the writ may be allowed by that judge or chancellor, or by a justice of the Supreme Court of the United States.

The result of this construction of the statute is that the associate justice of the Supreme Court of Iowa who allowed the present writ had no authority to do so, and it is accord-ingly

DISMISSED.

Mr. Justice SWAYNE, with whom concurred the CHIEF JUSTICE and Mr. Justice BRADLEY, dissenting.

I dissent from the opinion just read. The objection was not taken by the counsel for the defendant in error. The writ of error was allowed by an associate justice of the Su-preme Court of the State—the court by which the alleged error was committed. This, I think, was sufficient. In my judgment the construction given to the provision in ques-tion, of the statute, is unwarrantably narrow.