## BUTLER v. GAGE.

ERROR TO THE SUPREME COURT OF THE STATE OF COLORADO.

No. 1342. Submitted January 5, 1891.—Decided January 19, 1891.

It is to be presumed that when a writ of error is filed here from Colorado, signed (the Chief Justice being absent) by a judge who styles himself "Presiding judge of the Supreme Court" of that State, that he acts in that capacity in the absence of the Chief Justice, and in accordance with the provisions of the Constitution of the State, and that the writ was properly allowed.

The petition for a writ of error is not part of the record on which this court acts.

When a case is presented for the determination of the highest court of a State without a suggestion that a Federal question is involved, and after decision a petition for a rehearing, containing no such suggestion, is presented and denied, a denial of a motion for further oral argument in which such a claim is for the first time set up does not necessarily involve the decision of a Federal question.

THIS was an action brought in the name of William P. Linn and Lewis C. Rockwell against Hugh Butler and Charles W. Wright, in the District Court in and for the county of Lake and State of Colorado, upon a contract between Linn and Butler and Wright, subsequently assigned by Linn to Burrell, and by Burrell to Rockwell, as collateral security for money loaned by him to Linn. Linn subsequently died and his executors were substituted.

The defences raised no Federal question. Upon trial had, a verdict was rendered in favor of the plaintiffs and their damages were assessed at the sum of $9008.33, and a motion for new trial having been overruled, judgment was rendered thereon January 17, 1888, whereupon the case was taken by appeal to the Supreme Court of the State of Colorado. Appellants assigned forty-three errors, but these involved no Federal question. September 13, 1889, the Supreme Court entered an order reciting that "it appearing that this cause comes within the provisions of Rule 51 of this court, it is ordered by the court that this cause be, and is hereby, advanced for hearing, and that the same is hereby assigned to the Supreme Court Commission for consideration and report and for oral argument at such time as said commission shall

order." September 27, 1889, it was stipulated and agreed. by and between the parties that the cause might be set down for oral argument on Wednesday, the 16th day of October, 1889. The cause was accordingly heard by the Supreme Court Commission, which arrived at a decision and opinion and reported the same to the Supreme Court. On the 24th of December, 1889, the Supreme Court entered the following order:

" At this day this cause coming on to be heard, as well upon the transcript of proceedings and judgment had in said District Court in and for the county of Lake as also upon the matters assigned for error herein, and the same having been heretofore argued by counsel and submitted to the consideration and judgment of the court, and it appearing to the court that there is no error in the proceedings and judgment aforesaid of said District Court, it is therefore considered and adjudged by the court that the judgment aforesaid of said District Court be, and the same is hereby affirmed and stand in full force and effect, and that this cause be remanded to said District Court. for such other and further proceedings, according to law, as shall be necessary to the final execution of the judgment of said District Court in the cause, notwithstanding the said appeal.

" It is further considered and adjudged by the court that said appellees do have and recover of and from said appellants their costs in this behalf expended, to be taxed, and that they have execution therefor. And let the opinion of the court filed herein be recorded."

And the opinion of the commission was then given upon the record, with these words attached: "*Per curiam:* For the reasons stated in the foregoing opinion the judgment is affirmed."

On the 7th of January, 1890, appellants filed their petition for a rehearing in the cause, assigning various reasons, but suggesting no Federal question, and taking no exception, so far as appears, to the fact that the case had been heard by the commission, which on the 28th of March, the Supreme. Court, upon consideration thereof, denied.

May 16, appellants filed their motion in words and figures as follows: " And now come the said appellants and move the

court to grant an oral argument on the merits of this cause and appeal in and before this court, and that in the meantime no mandate, remittitur or process issue herein to affirm or enforce in any way the judgment of the said District Court of Lake County complained of and appealed from," which motion was overruled May 23d. Thereupon appellants presented their petition for a writ of error from this court, addressed to "Hon. J. C. Helm, Chief Justice of the Supreme Court of the State of Colorado." In this paper it was claimed, after a recital of various steps taken in the case, that the motion and request of appellants that the Supreme Court should grant an oral argument on the merits of the appeal and of the cause, and the refusal of the court to grant the same and to hear an oral argument, "drew in question the constitutionality of the statutes of the State of Colorado, entitled 'An act to regulate the practice in the Supreme Court; appointing commissioners therefor, fixing their salary, and defining their duties,' approved March 7, 1887; and a certain other act entitled 'An act providing for a Supreme Court Commission,' approved April 1, 1889; in that by the said statutes and the construction placed thereon and the practice adopted thereunder by said Supreme Court, litigants and suitors in said Supreme Court were deprived of their right to have their appeals and writs of error and other judicial controversies to be tried before, heard and decided by said Supreme Court, and because the same are repugnant to and inconsistent with and forbidden by the Fourteenth Amendment to the Constitution of the United States, which provides that 'no State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws;' and that said decision in this cause in effect sustains the validity of said statutes so drawn in question."

The writ of error was allowed as follows:

"State of Colorado:

"Desiring to give petitioners an opportunity to test in the

Supreme Court of the United States the question presented in the foregoing petition, it is ordered that a writ of error be allowed to said court, and that the same be made a supersedeas, the bond, in the penal sum of sixteen thousand dollars, herewith presented, being approved.

"In testimony whereof witness my hand this 27th day of May, A.D. 1890, the chief justice being absent.

"CHAS. D. HAYT,

"<i>Presiding Judge of the Supreme Court<br>of the State of Colorado.</i>"

. The writ of error having issued and citation having been duly served, signed by and attested in the name of Judge Hayt, and the transcript having been filed in this court, the defendants in error moved to dismiss or affirm.

*Mr. L. C. Rockwell* for the motion.

*Mr. Hugh Butler* opposing.

Mr. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

The motion to dismiss is predicated upon two grounds: First. Because the writ of error was not allowed, nor the citation signed, by the Chief Justice of the Supreme Court of the State of Colorado. Second. Because no Federal question was involved in the case, or appeared or was raised upon the record.

It is essential to the exercise by this court of revisory jurisdiction over the final judgments or decrees of the courts of the States that the writ of error should be allowed either by a justice of this court, or by the proper judge of the State court, after ascertaining by an examination of the record that a question cognizable here was made and decided in the State court, and that such allowance was justified. *Gleason* v. *Florida*, 9 Wall. 779. Section 999 of the Revised Statutes provides that the citation shall be signed by the chief justice, judge or chancellor of the court rendering the judgment or

passing the decree complained of, or by a justice of this court; and it was held in *Bartemeyer* v. *Iowa*, 14 Wall. 26, that when the Supreme Court of a State is composed of a chief justice and several associates, and the judgment complained of was rendered by such court, the writ could only be allowed by the chief justice of that court or by a justice of this court.

Section 5 of article VI of the constitution of the State of Colorado is as follows : "The Supreme Court shall consist of three judges, a majority of whom shall be necessary to form a quorum or pronounce a decision." And by section 8 of that article it is provided that : "The judge having the shortest term to serve, not holding his office by appointment or election to fill a vacancy, shall be the chief justice, and shall preside at all terms of the Supreme Court, and, in case of his absence, the judge having in like manner the next shortest term to serve shall preside in his stead." (Gen. Stats. Colorado, 1883, p. 49.)

It appears from the record that the chief justice was absent when this writ was allowed, and it is stated by counsel that Judge Hayt, who allowed it, had the next shortest term to serve, as the other associate justice was elected to fill a vacancy. It is certainly to be presumed that Judge Hayt was, as he asserted himself to be, the presiding judge of the court in the absence of the chief justice. The first ground urged for the dismissal of the writ of error is therefore untenable.

This brings us to consider whether the record before us so presents a Federal question as to justify the maintenance of the writ. And it may be remarked in the outset, that the petition for a writ of error forms no part of the record upon which action here is taken. *Manning* v. *French*, 133 U. S. 186; *Clark* v. *Pennsylvania*, 128 U. S. 395; *Warfield* v. *Chaffe*, 91 U. S. 690.

Sections 1 and 2 of article VI of the constitution of the State of Colorado read thus :

"Section 1. The judicial power of the State as to matters of law and equity, except as in the constitution otherwise provided, shall be vested in a Supreme Court, District Courts, County Courts, justices of the peace, and such other courts as may be provided by law.

" Sec. 2. The Supreme Court, except as otherwise provided in this constitution, shall have appellate jurisdiction only, which shall be co-extensive with the State, and shall have a general superintending control over all inferior courts, under such regulations and limitations as may be prescribed by law." (Gen. Stats. Colorado, 1883, p. 48; Sess. Laws Colorado, 1887, p. 483.)

In 1887 the legislature of the State of Colorado passed a statute authorizing the appointment of three Supreme Court Commissioners for the period of two years, unless sooner relieved or discharged, and upon April 1, 1889, enacted a similar statute authorizing the appointment of like commissioners for the period of four years. Sections 2 and 3 of the latter act are as follows:

" Sec. 2. Said commissioners shall be subject to such rules and orders as the Supreme Court shall from time to time adopt for their government, and for procedure before them; they shall examine and consider together and report upon such cases as shall be referred to them by the court for that purpose, and perform such other services as the court shall require. Their reports shall be in writing and signed by one of their number, and shall show which concur therein and which, if any, dissent; and a dissenting commissioner may likewise make a report. Every report shall contain a concise but comprehensive statement of the facts in the case, the opinion of the commissioner or commissioners submitting the report, and a citation of the authorities relied on in support of the opinion. The court may provide by rule for a hearing of an oral argument by counsel before said commission : *Provided,* That no cause shall be referred to said commissioners in which they, or any of them, are or have been interested as counsel or otherwise.

" Sec. 3. Every opinion shall be promptly delivered to the chief justice, who shall lay the same before the court. The court may approve, or modify or reject any such opinion. Whenever it shall approve and adopt an opinion as submitted, or as modified, the same as approved and adopted shall be promulgated as the opinion of the court, and shall be filed and

reported, and judgment shall be rendered in the same manner and with the same effect and subject to the same orders, motions and petitions for rehearing as in the case of other opinions and judgments of the court; and every such opinion shall show which commissioner prepared the opinion and which concurred, and the approval and adoption, and by the concurrence of which judges; and whenever the court shall reject the opinion of the commissioners in any cause, the opinion of the court shall be prepared and a like proceeding had in all respects as in other causes submitted to the court." Sess. Laws Colorado, 1889, 444, 445.

Three commissioners were appointed under this act and are now acting as such commissioners, and it was to them that the consideration of this case on appeal was assigned by the State Supreme Court. In the argument for plaintiffs in error it is asserted that the record involves the inquiry : " Did the Supreme Court of the State of Colorado in this instance, by reason of the State statute of 1889, deny to the plaintiffs in error any right or privilege secured and protected by the Fourteenth Amendment ? " and that " the right denied in this case was a review by a court, created and existing under the law of the land, and created for the purpose of determining such controversies." And it is contended that, considering the nature of the right, the statute and the course pursued under it deprived plaintiffs in error of due process of law and the equal protection of the laws.

The record discloses that after the cause was assigned to the commission " for consideration and report and for oral argument at such time as said commission shall order," it was stipulated and agreed by the parties that the cause should be set down for oral argument on a certain day. And it is nowhere shown that any objection was made by plaintiffs in error to the commissioners' acting, but the cause proceeded to argument, report, and judgment, without question as to the jurisdiction.

An application was then made to the Supreme Court for a rehearing, and a brief filed in support thereof, and the authority of the commission, or of the Supreme Court in its action upon the commission's report, was not even then impugned.

Counsel frankly admits that "up to this time, no attack had been made against the authority of the commission or against the right of the court to accept and adopt the work of the commission;" but, he continues, that after the petition for rehearing in this case was denied, the objection was made in another case that the commission ".had no right or power to decide judicial controversies, and that the Supreme Court had no right or power to base its final judgment on the report or recommendation of the commission." This other case was entitled *Bullock* v. *McGerr*, and will be found reported in 23 Pacific Reporter, 980. The question came up on a petition for a rehearing, which among other grounds contained the following: "The counsel for appellants desire to argue the validity of an opinion of the Supreme Court in the form of an indorsement or ratification of the commission based on an oral argument heard before the commission." The rulings are embodied in the syllabus prepared by the court, as follows:

"1. The constitutionality of the legislative act providing for a Supreme Court Commission is not necessarily involved upon the petition for a rehearing of a cause which had been referred to the commission in pursuance of said act.

"2. Courts ordinarily decline to determine the constitutionality of legislative enactments in a case where the record presents some other and clear ground upon which the judgment may rest.

"3. The Supreme Court alone can promulgate opinions and render judgments, and its duty is not discharged by the adoption *pro forma* of the conclusions of the Supreme Court Commission.

"4. The privilege of being heard orally before the Supreme Court prior to final judgment is a right which, though subject to reasonable regulation, cannot, under our practice, be denied to any party litigant making seasonable application therefor."

Each of the three judges of the court delivered an opinion and the general subject was largely discussed, and reference made to *The State ex rel. Hovey* v. *Noble et al.*, 118 Indiana, 350, where, upon an application for a writ of prohibition, the act of

the legislature of Indiana creating such a commission was held unconstitutional; and to *People ex rel. Morgan* v. *Hayne et al.*, 83 California, 111, where, upon *quo warranto*, the Supreme Court of California sustained the validity of the commission ; and, in addition to these cases of a direct proceeding against the commissioners as respondents, to *Chicago Railroad Co.* v. *Abiline*, 21 Pacific Reporter, 1112, in which the Supreme Court of Kansas, upon a petition for rehearing, refused to consider the question of the constitutionality of a similar act and denied the rehearing upon the merits. The opinions in *Bullock* v. *McGerr* appear to have been announced May 16, 1890, and on the same day appellants made their motion that the Supreme Court grant an oral argument on the merits of the cause and that the remittitur be stayed in the meantime, which motion was denied.

We are not informed of the ground upon which this denial was based, but we presume, in the light of *Bullock* v. *McGerr*, that the Supreme Court considered the application to be heard orally as coming too late; and it is quite clear that the constitutionality of the act providing for the Supreme Court Commission was not considered to be necessarily involved and was not passed upon. Yet we are asked to retain this cause for the purpose of deciding that question, notwithstanding plaintiffs in error acquiesced in the hearing of the case by the commission, and stipulated as to the time when the argument should take place before that body ; participated in that argument ; petitioned the Supreme Court for a rehearing; and did not moot the point now raised until after the final judgment of the Supreme Court had been pronounced and the petition for rehearing had been overruled. The validity of a statute of, or an authority exercised under, the State of Colorado, on the ground of such statute or authority being repugnant to the Constitution, treaties or laws of the United States, was not drawn in question in the Supreme Court of Colorado, and that court did not decide in favor of its validity. No title, right, privilege or immunity under the Constitution, or any treaty or statute of, or commission held or authority exercised under, the United States, was specially set up or claimed under such

Constitution, treaty, statute, commission or authority, and no decision was rendered against such title, right, privilege or immunity. The Supreme Court of the State confessedly went to judgment without any suggestion that a Federal question was presented for its determination, and not even in the petition for rehearing was any such question brought to the attention of the court. And the disposition of the motion that oral argument be permitted after the petition for rehearing was denied, did not, in itself, necessarily involve the decision of a Federal question.

We cannot, under such circumstances, reëxamine the judgment and orders of that court, and the writ of error must be

*Dismissed.*