## HAVNOR *v.* NEW YORK.

### ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 227. Argued April 21, 1898. — Decided May 9, 1898.

It was essential, in order to confer jurisdiction on this court, in this case, that the chief judge of the Court of Appeals of the State of New York, or his lawful substitute, or a justice of this court should have allowed the writ and signed the citation; and as the writ was signed by a judge as " asso. judge, Court of Appeals, State of New York," and there was nothing in the record warranting the inference that he was, at that time, acting as chief judge *pro tem.* of that court, the writ is dismissed.

THE case is stated in the opinion.

*Mr. Albert I. Sire*, for plaintiff in error.

*Mr. Asa Bird Gardiner*, for defendant in error.

MR. JUSTICE WHITE delivered the opinion of the court.

Plaintiff in error seeks the reversal of a judgment of the

Court of Appeals of the State of New York, which affirmed a judgment of an appellate division of the Supreme Court of that State, holding valid a judgment entered in the court of special sessions for the city and county of New York, sentencing the plaintiff in error upon a conviction for violation of a statute of the State of New York prohibiting any person from carrying on or engaging in the business of "barbering" on the first day of the week. The record having been remitted by the Court of Appeals to the Supreme Court of the State, the writ of error was directed to the latter tribunal.

. The correctness of the ruling of the Court of Appeals, upholding the validity of the statute referred to, was vigorously attacked in argument, emphasis being laid on the fact that three judges dissented from the opinion of the court, two of whom (Judges Gray and Bartlett) delivered opinions.

We are unable, however, to pass upon the question pressed upon our notice as to whether the statute referred to is repugnant to the Constitution of the United States, for the reason that the Court of Appeals of the State of New York is composed of a chief judge and several associate judges, and the writ of error in this case was allowed and the citation signed by an associate judge, who did not purport to act as chief judge or chief judge *pro tem.* of the court. The signature to the allowance of the writ was as follows : "Edward T. Bartlett, Asso. Judge, N. Y. Court of Appeals;" while following the signature to the citation was the designation: "Asso. Judge, Court of Appeals, State of New York." There is nothing contained in the record warranting an inference that the associate judge was at the time acting as chief judge *pro tem.* of the court. True it is, that there is contained in the record, at the end thereof, an affidavit verified by counsel for plaintiff in error on July 29, 1896, stating that the deponent was informed and believed that the chief judge of the Court of Appeals was then abroad in Europe and would be for some space of time to come, while the writ of error was allowed and the citation signed on the 6th of August following. The affidavit purports to have been filed with the papers in the case in the Supreme Court of New

York on September 2, 1896. It manifestly, however, in no particular justifies the inference that the associate justice who allowed the writ was, at the time of such allowance, the chief judge *pro tem.* of the Court of Appeals. It was essential, in order to confer jurisdiction on this court, that the chief judge of the Court of Appeals of New York or his lawful substitute or a Justice of this court should have allowed the writ and signed the citation.

Thus, it is provided in the Revised Statutes as follows:

"SEC. 999. When the writ" (of error) . . . "is issued by the Supreme Court to a state court, the citation shall be signed by the Chief Justice, a judge, or chancellor of such court, rendering the judgment or passing the decree complained of, or by a Justice of the Supreme Court of the United States, and the adverse party shall have at least thirty days' notice."

The provision referred to was contained in the twenty-fifth section of the Judiciary Act of September 24, 1789, c. 20, 1 Stat. 73, 86, and section 7 of the act of February 5, 1867, c. 29, 14 Stat. 387. It was construed in *Bartemeyer* v. *Iowa*, 14 Wall. 26, where the court, taking notice *sua sponte* of the fact that there had been no proper allowance of a writ of error, said (p. 27):

"Writs of error to the state court can only issue when one of the questions mentioned in the 25th section of that act was decided by the court to which the writ is directed, and in order that there may be some security that such a question was decided in the case, the statute requires that the citation must be signed by the Chief Justice or judge or chancellor of the court rendering or passing the judgment or decree complained of, or by a Justice of the Supreme Court of the United States. It has been the settled doctrine of this court that a writ of error to a state court must be allowed by one of the judges above mentioned, or it will be dismissed for want of jurisdiction, and the case before us raises the question whether the writ has been allowed by the judge authorized to do so.

"The Supreme Court of Iowa, which rendered the judgment complained of, is composed of a chief justice and three

associate justices, and this writ is allowed by one of the associate justices.

"We are of opinion that the act of Congress requires that, when there is a court so composed, the writ can only be allowed by the chief justice of that court, or by a Justice of the Supreme Court of the United States. In case of a writ to a court composed of a single judge or chancellor, the writ may be allowed by that judge or chancellor, or by a Justice of the Supreme Court of the United States.

"The result of this construction of the statute is that the associate justice of the Supreme Court of Iowa who allowed the present writ had no authority to do so, and it is accordingly dismissed."

The *Bartemeyer case* was approvingly referred to in *Butler* v. *Gage*, 138 U. S. 52, 55, where the court, speaking through Mr. Chief Justice Fuller, said:

"Section 999 of the Revised Statutes provides that the citation shall be signed by the chief justice, judge or chancellor of the court rendering the judgment or passing the decree complained of, or by a Justice of this court; and it was held in *Bartemeyer* v. *Iowa*, 14 Wall. 26, that when the Supreme Court of a State is composed of a chief justice and several associates, and the judgment complained of was rendered by such court, the writ could only be allowed by the chief justice of that court or by a Justice of this court."

In *Butler* v. *Gage*, however, the judge allowing the writ described himself as "Presiding Judge of the Supreme Court of the State of Colorado." As the constitution of Colorado provided that when the chief justice was absent, the judge having the next shortest term should preside in his stead, and as the record showed that the chief justice was absent at the time the writ was allowed, and counsel conceded that the judge who allowed the writ had the next shortest term to serve, it was held that the writ was properly allowed.

Upon the facts appearing in the case at bar, however, it is manifest that the writ of error was not properly allowed, and it must be .

*Dismissed.*