ALASKA PACKERS ASSN. *v.* PILLSBURY, DEPUTY COMMISSIONER, ET AL.

No. 558. Argued March 9, 1937.—Decided April 26, 1937.

*Mr. Eugene M. Prince,* with whom *Messrs. Marshall P. Madison* and *Francis Gill* were on the brief, for petitioner.

*Mr. J. Frank Staley,* with whom *Solicitor General Reed* and *Messrs. William W. Scott* and *Charles A. Horsky* were on the brief, for respondents.

MR. JUSTICE VAN DEVANTER delivered the opinion of the Court.

The question here presented is whether an appeal to a circuit court of appeals from a decree in admiralty in a district court may be taken by simply filing in the office of the clerk of the district court, and serving on the proctor of the adverse party, a notice of appeal. In this case the circuit court of appeals, in deference to a rule adopted by it in 1900 and readopted in 1928, sustained an appeal so taken and overruled the appellee's contention that the rule is in conflict with § 8 (c) of the Act of February 13, 1925, c. 229, 43 Stat. 936, 940; 28 U. S. C. § 230; which provides:

"No writ of error or appeal intended to bring any judgment or decree before a circuit court of appeals for review shall be allowed ·unless application therefor be duly made within three months after the entry of such judgment or decree."

We are of opinion that the statute is both applicable and controlling.

Prior to the creation of the circuit courts of appeals the recognized mode of taking an appeal from a decree

in admiralty, as well as from a decree in equity, was by making application to the court rendering the decree, or to a judge or justice, and obtaining an allowance of an appeal. The authorized procedure in this regard is shown in *Barrel* v. *Transportation Co.*, 3 Wall. 44, where an appeal in admiralty was sought to be taken by simply filing a petition in the office of the clerk of the court. This Court dismissed the appeal, saying:

"The proceeding in the case is not warranted by any act of Congress, and we have no authority to act on such a petition. The filing of it in the clerk's office, even if it could be regarded as addressed to the Circuit Court, would be of no avail, unless accompanied by an allowance of an appeal by that court; and in the case before us there was no allowance."

The act creating the circuit courts of appeals [1] and investing them with stated appellate jurisdiction, including appeals in admiralty, made no change in the prior procedure. On the contrary, § 11 of that act provided:

"And all provisions of law now in force regulating the methods and system of review, through appeals or writs of error, shall regulate the methods and system of appeals and writs of error provided for in this act in respect of the circuit courts of appeals, including all provisions for bonds or other securities to be required and taken on such appeals and writs of error, and any judge of the circuit courts of appeals, in respect of cases brought or to be brought to that court, shall have the same powers and duties as to the allowance of appeals or writs of error, and the conditions of such allowance, as now by law belong to the justices or judges in respect of the existing courts of the United States respectively." [2]

---

[1] Act of March 3, 1891, c. 517, 26 Stat. 826.

[2] See Title 28, U. S. C., § 228.

The reasons for requiring that an appeal be duly applied for and allowed are that there may be some assurance that the suit is one in which there may be a review in the circuit court of appeals; that the decree is of such finality or character that it may be reëxamined on appeal; and that appropriate security for costs may be taken where the appellant is not by law exempted from giving such security.[3] In this way improvident and unauthorized appeals are prevented. While an appeal in a proper case is matter of right the question whether the case is a proper one under the law regulating appeals is not left to the appellant, but is to be examined and primarily determined by the court or judge to whom the application is to be made. The reasons for thus conditioning the right of appeal have the same application to decrees in admiralty that they have to decrees in equity and judgments at law; and the act of 1925 includes one as much as another, for it says: "No . . . appeal intended to bring any judgment or decree before a circuit court of appeals for review shall be allowed unless application therefor be duly made." In all of the circuits other than the one in which the decision now under review was made full effect is given to this requirement. In the one circuit a rule exists whereby appeals in admiralty are excepted. But that rule contravenes the statute and has no force, for the power of a court to make rules necessarily is confined to such as are consistent with controlling laws.

It follows that the circuit court of appeals was without jurisdiction to entertain the attempted appeal.

*Decree reversed.*

[3] See *Bartemeyer* v. *Iowa,* 14 Wall. 26, 27; *Havnor* v. *New York,* 170 U. S. 408, 410; *Ireland* v. *Woods,* 246 U. S. 323, 328.