## THE FANNY D.

## THE TEXAS NO. 2.

## THE CITY OF HOUSTON.

## EGGERS v. SOUTHERN S. S. CO. et al.

### No. 9280.

Circuit Court of Appeals, Fifth Circuit.

June 4, 1940.

Rehearing Denied July 8, 1940.

348

Jos. M. Rault, of New Orleans, La., and Carl G. Stearns, John R. Brown, and J. Newton Rayzor, all of Houston, Tex., for appellees.

Before FOSTER, SIBLEY, and Mc-CORD, Circuit Judges.

FOSTER, Circuit Judge.

This case presents appeals from two judgments. The cases were tried together in the District Court, have been consolidated by order of that court on appeal, and are brought up on one record. The material facts appearing from the record may be briefly stated.

On the night of October 27, 1937, the barge Texas No. 2, a large steel barge, in tow of the tug Fanny D., collided with the steamship City of Houston, moored to a dock in the harbor of Houston, Texas. Both tug and barge were solely owned by E. Eggers, appellant. The barge was loaded with oil being transported under a verbal contract of affreightment made with Eggers. The tow was made up with the after part of the barge securely lashed to the port side of the tug which protruded beyond the end of the barge. Eggers was acting as master and pilot of the tug which had only one other person as her crew. The barge was without motive power or steering gear and had no crew. Southern Steamship Company, owner of the ship, filed a libel in rem against the tug and the barge and against Eggers in personam, to recover damages estimated at about $6,000. Eggers denied negligence causing the collision, claimed the barge and tug separately as owner and they were released to him on stipulations in the sum of $7,000 each.

The barge was covered by a hull policy containing the full collision clause and by a protection and indemnity policy in the usual form. Both policies were issued by National Union Fire Insurance Company, appellee. The tug was not insured at all. Eggers filed a complaint to have the liability of the insurance company, as indemnitor under these policies, decided by a declaratory judgment.

After a hearing, the District Court held the tug solely at fault for the collision and entered an interlocutory decree against the tug and the surety on the release bond and against Eggers in personam, leaving nothing to be done but to ascertain the amount of damages. The libel against the barge was dismissed. In the declaratory judg-

T. G. Schirmeyer, of Houston, Tex., for appellant.

ment proceeding judgment was entered against Eggers in favor of National Union Fire Insurance Company.

Eggers did not appeal from the judgments in personam against himself and against the tug in rem but appealed from that part of the judgment in the interlocutory decree exonerating the barge and also from the judgment in the declaratory judgment suit.

■■ Southern Steamship Company, in its brief, has suggested want of jurisdiction to entertain the appeal from the interlocutory decree, on the ground it was taken too late, and moves to dismiss the appeals from that decree. As this presents a jurisdictional issue we must consider it. The appeal was taken 83 days after the interlocutory decree was entered and then only by filing notice, as provided in the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Those rules do not apply to proceedings in admiralty. Rules 1 and 81. An appeal in admiralty must be presented to the District Court and allowed. Under the provisions of Judicial Code, § 129, as amended by Act of April 3, 1926, 28 U.S.C. A. § 227, an appeal from an interlocutory decree in admiralty determining the rights and liabilities of the parties must be taken within 15 days after the entry of the decree and notice of the appeal must be given within 20 days after such entry. Consent of parties and an order of court consolidating the cases for appeal could not change the law. We are without jurisdiction to entertain this appeal and it must be dismissed. Alaska Packers Ass'n v. Pillsbury, 301 U.S. 174, 57 S.Ct. 682, 81 L.Ed. 988.

■ In considering the appeal from the judgment in the proceeding for a declaratory judgment, the dismissal of the appeal from the interlocutory decree is of no moment. The facts are all shown by the record and are pertinent in both cases. Since Eggers did not appeal from the judgment against him in personam, we may treat it as final, for the purpose of discussion.

The hull policy covering the barge insured her for the account of Eggers up to $17,500. her estimated value. The risks covered were perils of the sea, negligence of master or pilots and other enumerated risks not material to this case. The full collision clause, so far as necessary to quote, was as follows: "And it is further agreed that if the Vessel hereby insured shall come into collision with any other Ship or Vessel and the Assured or the Charterers in consequence thereof or the Surety for either or both of them in consequence of their undertakings shall become liable to pay and shall pay by way of damages to any other person or persons any sum or sums in respect of such collision, we, the Underwriters, will pay the Assured or Charterers such proportion of such sum or sums so paid as our respective subscriptions hereto bear to the value of the Vessel hereby insured."

There was also a rider waiving the right of subrogation against any vessel owned in whole or in part by the assured.

We gather from the findings of facts and conclusions of law by the District Court that he concluded Eggers could not recover under the policy because the barge was not liable in rem as the offending thing. That, in substance, is the contention of the insurance company. Appellant cites the cases of the Niobe, App.Cas.1891, p. 401, a decision by the House of Lords; Western Transit Co. v. Brown, 2 Cir., 161 F. 869; and Coastwise Steamship Co. v. Ætna Ins. Co., D.C., 161 F. 871, as cases construing a full collision clause similar to that in the policy in suit. We do not find any of these cases in point as applying to the facts in this case nor are we aware of any others. Appellee cites the case of Liverpool, Brazil, etc. Nav. Co. v. Brooklyn Terminal, 251 U.S. 48, 40 S.Ct. 66, 64 L.Ed. 130. In that case a barge loaded with railroad cars in tow of a tug collided with a ship in the harbor of New York. Both barge and tug were owned by the Terminal Company. In a limitation of liability proceeding it was held that notwithstanding the identity of ownership the Terminal Company was entitled to limit its liability by surrending only the tug as it was solely responsible for the collision. As being contrary to this decision, appellant cites the case of Sacramento Nav. Co. v. Salz, 273 U.S. 326, 47 S. Ct. 368, 71 L.Ed. 663, a case arising under the Harter Act, where a barge in tow of a tug was sunk in a collision between the barge and another vessel, with the consequent total loss of the cargo of the barge. Both the barge and tug were owned by the Navigation Company. It was held that the barge and tug were in law one ship for the purpose of the voyage and, as both were engaged in performing the contract of affreightment, liability of the carrier must be measured by the value of both. Neither of these cases is controlling as applied to the facts in the case before us. It would be

useless to review the many other cases cited by the parties.

■ In construing the policy we will endeavor to go no further than is required by the facts in this case. Briefly stated, the condition of the policy under the full collision clause was that if the insured vessel collided with another ship, causing damage to her for which the assured was held liable, the underwriter would reimburse him for what he would pay, in the proportion fixed by the policy. To give the policy the interpretation contended for by the insurance company we would have to read into the full collision clause "provided the insured vessel is herself at fault," or words to that effect. Insurance policies that are vague or ambiguous are to be construed against the underwriter. If it had been the intention of the parties to restrict the coverage of the policy to cases in which the insured vessel was herself at fault it would have been very easy to have written it in instead of leaving it to be inferred by a strained construction. Eggers, the "assured," was the beneficiary and not the barge. We construe the policy to be broad enough to cover personal liability of Eggers resulting from the collision, regardless of whether the barge could be held responsible in rem.

■ In this case, whether the barge was a passive instrument or to be considered together with the tug as in law one ship, the negligence that caused the collision was the faulty navigation of the tow by Eggers. He could not limit his personal liability for the accident by surrendering either the tug or barge or both. Liverpool & G. W. Steam. Co. v. Phenix Ins. Co., 129 U.S. 397, 9 S.Ct. 469, 32 L.Ed. 788; Sabine Towing Co. v. Brennan, 5 Cir., 72 F.2d 490. When the barge came into collision with the ship Eggers became liable personally to pay damages suffered by the ship caused by that collision. If he pays the damages he will be entitled to indemnity under the hull policy.

■ As to the P. & I. policy it is sufficient to say that it excluded from the risk accidents caused by the actual fault or privity of the insured as ship owners. There could be no liability under that policy under the facts disclosed.

■ The appeal from the interlocutory judgment in admiralty is dismissed. The judgment in the proceeding for declaratory judgment is reversed and the case is remanded for further proceedings not inconsistent with this opinion. Since the appeals are brought up on one record the costs of appeal will be divided equally between Eggers and National Union Fire Insurance Company, said costs to be ascertained and taxed by the District Court on further hearing.