## BLASKE v. DICK.
### No. 7708.

Circuit Court of Appeals, Seventh Circuit.
Feb. 9, 1942.

Rehearing Denied March 26, 1942.

C. S. Eastham and E. A. Kelly, both of Houston, Tex., Robert A. Stephens, Jr., of Springfield, Ill., and A. D. Dyess, of Houston, Tex., for appellant.

J. F. Schlafly, Jr., and Emerson Baetz, both of Alton, Ill. (Verlie, Eastman & Schlafly, of Alton, Ill., of counsel), for appellee.

Before MAJOR and MINTON, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

This is an appeal in admiralty from an interlocutory decree, entered March 18, 1941, adjudging the rights and liabilities of the parties.

For reasons which will subsequently appear, there is no occasion for other than a brief statement of the facts. The case grows out of the destruction by fire of the steam towboat "Floyd H. Blaske" on the Mississippi River near Alton, Illinois, on October 26, 1940. H. C. Blaske, the owner, filed a libel in rem against the barges "NBC 468," "NBC 487" and "Z 68," tank vessels, engaged in transfering gasoline in the vicinity, and the diesel towboat "Papoose," engaged in switching the barges. Recovery was also sought in personam against Charles J. Dick, owner and operator of the "NBC 486" and "NBC 487," and also the operator of "Z 68." All the vessels sued were seized under monition issued by the District Court, and Dick entered his appearance as a respondent in personam. Dick claimed the "NBC" barges, and E. Eggers Towing and Transportation Company (afterwards referred to as "Eggers") claimed the "Z 68." Neither the "Papoose" nor its claimant is here involved. All the vessels seized were released on stipulations, and both Dick and Eggers filed cross-libels, based on a wrongful detention of their barges under process issued at Blaske's request.

Following a trial in the District Court, the decree appealed from was entered, in favor of the libelant and against the two "NBC" barges in rem, and Dick in per-

sonam; the "Z 68" was exonerated and released. The cross-libels were dismissed.

On March 21, 1941, Dick, individually and as owner and claimant of the "NBC" barges, filed in the Clerk's office what was designated as a notice of appeal which was served only upon Blaske. Accompanying the notice were assignments of error. No cross-appeal was taken by the libelant Blaske, but on April 2, 1941, he filed and served upon Dick, as well as the proctors for "Z 68", assignments of error, including the alleged ·error of the trial court in releasing the "Z 68." On April 21, 1941, the libelant filed an additional designation directing that the record incorporate papers with reference to the "Z 68," which was also served on its proctors. On April 3, 1941, Dick's appeal bond was filed in the District Court and approved. On April 30, 1941, the District Court entered an order extending the time for filing record on appeal and docketing action; on May 30, 1941, another order was entered again extending such time, and on June 6, 1941, an order was entered directing that certain exhibits be sent to this court.

After the record had been printed and filed in this court by Dick, a stipulation was entered into between him and Blaske designated as a covenant not to sue, by which Dick effected a settlement with Blaske for the sum of $3030. In accordance with this stipulation, this court, on October 2, 1941, entered an order dismissing the appeal as to Dick in personam and as to his barges in rem, without prejudice to Blaske's right to continue the cause against the "Z 68."

We are met at the threshold with the contention that this court is without jurisdiction. Dick, the original appellant, having been dismissed from the appeal, Blaske, the only designated appellee, now assumes the role of appellant in the prosecution of the appeal against Eggers as claimant of barge "Z 68." Eggers presents the contention that inasmuch as Dick was dismissed from the appeal by Blaske, it must follow the court has no jurisdiction of Eggers, who was not originally designated as an appellee. Blaske, on the other hand, contends that an appeal in admiralty results in a trial de novo in the Appellate Court, and that when an appeal is perfected by one party, the court acquires jurisdiction of all to the same extent as jurisdiction was had by the District Court. There· is no occasion, however, to discuss or decide the consequences of this situation until we meet the more deadly challenge that Dick failed to effect a legal appeal.

We think there can be no doubt but that jurisdiction, if it exists, must stem from the original appeal sought to be perfected by Dick. As already shown, no application was made by Dick, and no order entered by the court for the allowance of appeal. The appeal was sought to be perfected by the mere filing of a notice directed to Blaske. Evidently Dick proceeded in accordance with the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. That such rules are not applicable to proceedings in admiralty is expressly provided by Rule 81(a) (1).

Whatever might be our view, if this were a matter of first impression, the procedure which must be followed in perfecting an appeal in admiralty, has been conclusively determined in Alaska Packers Ass'n v. Pillsbury, 301 U.S. 174, 57 S.Ct. 682, 81 L.Ed. 988. In that case the Circuit Court of Appeals (9 Cir., 78 F.2d 587) had adopted a rule which provided, in effect, that an appeal might be taken in an admiralty by filing in the office of the Clerk of the District Court, and serving on the proctor of the adverse party, a notice signed by the appellant or his proctor. The appeal was there taken in conformity with this rule, but it was urged upon the Court of Appeals that the rule was without force and that an appeal must be perfected in accordance with Section 230, Title 28 U.S.C.A. That court held it had the power to adopt the rule and that the appeal, taken in conformity therewith, was proper.

The Supreme Court (page 175 of 301 U.S., page 683 of 57 S.Ct., 81 L.Ed. 988) states: "The question here presented is whether an appeal to a Circuit Court of Appeals from a decree, in admiralty in a District Court may be taken by simply filing in the office of the clerk of the District Court, and serving on the proctor of the adverse party, a notice of appeal. * * *"

In reversing the Court of Appeals, it held that the rule adopted by the latter court contravened the statute and was void, and that an appeal in admiralty is controlled by Section 230, Title 28 U.S.C.A., which provides that no appeal shall be allowed unless application therefor be duly made. ·The court (page 177 of 301 U.S., page 683 of 57 S.Ct., 81 L.Ed. 988) said: "* * * While an appeal in a proper case is matter of right, the question wheth-

er the case is a proper one under the law regulating appeals is not left to the appellant, but is to be examined and primarily determined by the court or judge to which the application is to be made. * * *"

The appeal in the instant case was sought to be perfected in exactly the same manner as in the Pillsbury case. In view of this unequivocal holding by the Supreme Court, there is no escape from the conclusion that no appeal was perfected by Dick and, it must follow that this court acquired no jurisdiction.

It is sought, however, to escape the devastating effect of the Pillsbury case by relying upon authorities wherein the filing and approval of an appeal bond has been construed as an allowance of appeal. Brandies v. Cochrane, 105 U.S. 262, 26 L.Ed. 989; Standard Oil Co. v. Robins Dry Dock & Repair Co., 2 Cir., 32 F.2d 182, 183; In re Fiechtl et al., 7 Cir., 107 F. 618, 619. In all of these cases, it must be noted, the order approving the appeal bond was entered within the time fixed by statute or rule for the taking of appeal. We are doubtful if there is any leeway for the application of such construction in view of the positive pronouncement in the Pillsbury case, but, even so, such authorities must be distinguished for another reason.

Section 129 of the Judicial Code, Sec. 227, Title 28 U.S.C.A., amended April 3, 1926, provides: " * * * In all cases where an appeal from a final decree in admiralty to the circuit court of appeals is allowed an appeal may also be taken to said court from an interlocutory decree in admiralty determining the rights and liabilities of the parties: Provided, That the same is taken within fifteen days after the entry of the decree: And provided further, That within twenty days after such entry the appellant shall give notice of the appeal to the appellee or appellees; * * *"

Thus it will be observed that the appeal must be taken within fifteen days after the entry of the decree. In the instant case, the decree was entered on March 18, 1941, and the appeal bond approved on April 3, 1941. Thus, April 2 was the last day on which an appeal could have been allowed. See The Fanny D, 5 Cir., 112 F.2d 347, 349. After that date the court was without authority upon application, to allow the appeal. We find no justification for concluding that the approval of an appeal bond, at a date when the court had lost its authority to allow an appeal upon application, should be construed as an allowance of appeal. Subsequent to the approval of the appeal bond, the court entered certain orders which, it is argued, indicate that the court had allowed an appeal. This argument must be rejected for the same reason as that made with reference to the approval of the appeal bond.

The motion to dismiss the appeal for want of jurisdiction must be and is allowed.