## WHITE v. O. R. EVANS & BRO., Inc.

### No. 9203.

United States Court of Appeals District of Columbia.

Argued May 30, 1946.

Decided Oct. 21, 1946.

Mr. Richard L. Merrick, of Washington, D. C., for appellant.

Mr. Fred J. Rice, of Washington, D. C., for appellee. Mr. B. Downey Rice, of Washington, D. C., also entered an appearance for appellee.

Before EDGERTON, WILBUR K. MILLER, and PRETTYMAN, Associate Justices.

WILBUR K. MILLER, Associate Justice.

On August 2, 1933, a judgment for $900.-00 with interest and costs rendered by the Municipal Court of the District of Columbia in favor of O. R. Evans & Bro., Inc., against L. Gibbon White was docketed in the Supreme Court of the District of Columbia (now the District Court of the United States for the District of Columbia). This judgment was "good and enforceable" for twelve years from the date when an execution might first have been issued thereon.[1]

As the use of the writ of scire facias was abolished by Rule 81(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the Evans Company on July 26, 1945, entered a motion in the District Court of the United States to revive the judgment.[2] Filed with it was an affidavit of the company's secretary and treasurer showing the date of docketing, the amount of the judgment debt, the fact that it had not been paid or secured, and the amount then claimed to be justly due.

Service of the motion was made in Maryland by a deputy United States marshal for that state. The text of the three returns made by the officer is shown in the margin.[3] The marshal's return of July

---

[1] District of Columbia Code (1940), Title 15, §§ 101, 102.

[2] Vide District of Columbia Code (1940), Title 15, § 107.

[3] Original Return

"Served a copy of the within Motion and Affidavit on Mary Mancini (sic) Secretary to L. Gibbon White this 30th day of July, 1945."

First Amended Return

"I, Winfield S. King, a duly qualified deputy marshal of the United States for the State of Maryland, hereby certify that I served summons upon the defendant, L. Gibbon White, by serving Mary Maricini (sic) an adult, on the 31st day of July, 1945, at 11 A. M. o'clock, at 7715 Wisconsin Ave., Montgomery County in the State of Maryland, by handing a true copy thereof, together with a copy of Plaintiff's Motion and Affidavit, and made the contents known to her.

"That the said defendant is a non-resident of the District of Columbia."

Second Amended Return

"I, Winfield S. King, a duly qualified deputy marshal of the United States for the State of Maryland, hereby certify that I served summons upon the defendant, L. Gibbon White, an adult, on the 17th day of August, 1945, at 12:30 P. M., o'clock, at 7715 Wisconsin Ave., together with a copy of Plaintiff's Motion and Affidavit, and made the contents known to him.

"That the said defendant is a non-resident of the District of Columbia,"

30, 1945, did not satisfy § 108 of Title 13 of the District of Columbia Code, because it did not recite the fact of the defendant's non-residence. The return of July 31, 1945, did not sufficiently identify Maricini, the person to whom the papers were delivered, and so fails to measure up under Rule 4(d), Federal Rules of Civil Procedure. But the return of August 17, 1945, showed proper service and certified that White was a non-resident.

A certificate by the creditor's attorney that he had mailed to "John E. Taylor, Esq., Attorney for Defendant," on August 27, 1945, a copy of the motion for revival, was filed on September 6, 1945. On September 7, 1945, the District Court entered an order reviving the judgment. White moved to vacate that order and, his motion having been denied, he appeals.

The appellant's contention is that the service of process upon him was invalid and that, consequently, the District Court was without power to revive the judgment. His theory is that notice of the motion could not properly be served upon him in Maryland, as permitted by Title 13, § 108 of the District of Columbia Code (1940), unless prior thereto a summons had been issued in the District and returned "Not to be found," and his non-residence established by affidavit, in accordance with § 109 of the same title. But the provisions of the latter section have to do only with the substitution of publication for personal service, and bear no relation to that portion of § 108 which permits personal service on a non-resident defendant out of the District of Columbia. The personal service paragraph of § 108 is complete in itself, as it requires that the officer's return show the fact of non-residence. As its language plainly shows, § 109 provides only for procedure preliminary to the publication permitted by the first paragraph of § 108. Cf. Gaines v. Gaines, App.D.C., 157 F.2d 521.

Rule 30(b) of the Local Civil Rules of the District Court is pointed to by the appellant as requiring compliance with Title 13, § 109, of the Code before a motion for revival and notice of hearing may be served in another jurisdiction on a non-resident. If Rule 30(b), properly interpreted, does so require, it contravenes § 108, Title 13, of the District Code and is, therefore, without effect.[4]

Since the service of August 17, 1945, was valid under the statute, the District Court had power to enter the order of revival of September 7, 1945. Its judgment is affirmed.

Affirmed.

---

[4] Washington-Southern Nav. Co. v. Baltimore & Philadelphia Steamboat Co., 263 U.S. 629, 635, 44 S.Ct. 220, 68 L.Ed. 480; General Elec. Co. v. Marvel Rare Metals Co., 287 U.S. 430, 434, 53 S.Ct. 202, 77 L.Ed. 408; Johnson v. Manhattan Ry. Co., 289 U.S. 479, 503, 53 S.Ct. 721, 77 L.Ed. 1331; Alaska Packers v. Pillsbury, 301 U.S. 174, 177, 57 S.Ct. 682, 81 L.Ed. 988; Covey v. Williamson, 52 App.D.C. 289, 286 F. 459.