**W. H. LAILER & CO., Inc., v. C. E. JACKSON CO.**

**Civil Action No. 6853.**

District Court, D. Massachusetts.

Feb. 6, 1948.

Leon Aborn, Mark Aborn, and Aborn & Aborn, all of Boston, Mass., for plaintiff.

Richard H. Wiswall, Hill, Barlow, Goodale & Wiswall, and Willis A. Neal, all of Boston, Mass.., for defendant.

WYZANSKI, District Judge.

This is an appeal from a reparation order of the Secretary of Agriculture under Act of June 10, 1930, c. 436, § 7(c), as amended. U.S.C.A. Title 7, § 499g(c). Two motions are before me, one to dismiss the appeal as not timely taken, the other to enter judgment for appellee on the pleadings.

The basis of the first motion is the statutory provision that "either party adversely affected by the entry of a reparation

order by the Secretary may, within thirty days from and after the date of such order, appeal therefrom to the district court * * *. Such appeal shall be perfected by the filing of a notice thereof together with a petition in duplicate which shall recite prior proceedings before the Secretary, and shall state the grounds upon which petitioner relies to defeat the right of the adverse party to recover the damages claimed, with the clerk of said court with proof of service thereof upon the adverse party, together with a bond * * *."

In the instant case the Secretary entered the reparation order May 14, 1947. June 9, 1947, W. H. Lailer & Co., Inc., filed with the clerk of this court (1) a notice of appeal and (2) duplicate copies of a petition reciting prior proceedings and stating grounds upon which petitioner relied to defeat C. E. Jackson's Company's claim. June 10, 1947 W. H. Lailer & Co., Inc., filed a bond. August 5, 1947, counsel for W. H. Lailer & Co., Inc., filed with the clerk affidavit of mailing to the counsel for C. E. Jackson & Co. the notice of appeal and the petition.

Thus within 30 days after the Secretary's reparation order W. H. Lailer & Co., Inc., performed all the acts specified by § 7 (c) except to file a proof of service. And the issue is whether since the proof of service was not filed within 30 days this court lacks jurisdiction to hear the controversy. I am of the view that the failure to file within 30 days the proof of service does not defeat the jurisdiction of this court. The statute is somewhat inartistically drafted. The first sentence, which sets the 30 day period for an appeal, does not define what steps constitute an appeal; and the second sentence states that the appeal is perfected by taking the 4 steps of notice, petition, bond and proof of service. Read literally therefore the statute requires each step to be taken before jurisdiction attaches. Yet such insistence on the letter of the statute serves no useful purpose. Once the notice petition and bond had been filed, as they were in this case, it became clear on the record of this court that W. H. Lailer & Co. Inc., was serious about its efforts to secure review. Compare Alaska Packers Ass'n v. Pillsbury, 301 U.S. 174, 177, 57 S.Ct. 682, 81 L.Ed. 988. Perhaps even less than those three steps would suffice to allow the jurisdiction of this court to attach. But, when, as here, everything except affidavit of service had been filed it would be unjustifiably technical to conclude that this court was forever without jurisdiction to hear the case, even though no one had been prejudiced by the delay in serving C. E. Jackson Company. What was said in Reconstruction Finance Corp. v. Prudence Securities Advisory Group, 311 U.S. 579, 582, 583, 61 S.Ct. 331, 333, 85 L.Ed. 364, is much to the point: " * * * the defect is not jurisdictional in the sense that it deprives the court of power to allow the appeal. The court has discretion, where the scope of review is not affected, to disregard such an irregularity in the interests of substantial justice. * * * In this case the effect of the procedural irregularity was not substantial. The scope of review was not altered. There was no question of the good faith of petitioners, of dilatory tactics, or of frivolous appeals. Hence it would be extremely harsh to hold that petitioners were deprived of their right to have the court exercise its discretion on the allowance of their appeals. * * * The failure to comply with statutory requirements, however, is not necessarily a jurisdictional defect."

Moreover, while the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, do not strictly govern this case, Rule 81(a) (4), it may not be inappropriate to observe that the decision I have reached is in accord with the modern view of procedure which they embody. That is, under those rules it would not be held that an appellate court lacked jurisdiction to hear a case where although a notice of appeal had been timely filed some ancillary step like filing a bond had not been timely taken, Rule 73(a), second sentence.

I, therefore, deny the motion seeking dismissal for want of jurisdiction.

The motion for judgment on the pleadings, it seems to be conceded, would be well taken were it not that the petition-

er now seeks to amend his petition and raise a slightly different issue from the ones so far tendered. There are weighty objections to allowing an amendment at this stage in the case. It was not offered within the 30 day period within which § 7(c) says that appellant must state the grounds upon which he relies. It was not offered before this case was set for trial. Indeed it has not yet been offered in writing, although it has been described orally. Ordinarily I should be inclined to regard those as fatal objections. But I sit as an inferior judge subject to an appellate court that has the most latitudinarian views of amendments. Keene Lumber Co. v. Leventhal, 1 Cir., 165 F.2d 815 [last paragraph of that opinion]. Since the court above me favors encouraging last minute amendments and giving new breadth to narrow claims, I shall yield to their view and allow petitioner to amend. This means that I must at this stage deny, without prejudice to its later renewal, respondent's motion for judgment on the pleadings.

Motion to dismiss denied.

Motion for judgment denied without prejudice to its renewal after petitioner amends.