## LYLE v. STEWART.

No. 5352.

United States District Court
W. D. Missouri, W. D.

Oct. 8, 1948.

Everett C. Lyle, pro se.
No appearance for respondent.

RIDGE, District Judge.

Petitioner, now confined in the Missouri State Penitentiary under judgment of con-

---

[1] In 1948 Revision, 28 U.S.C.A. §§ 1346, 2401, 2402.

viction by a court of the State of Missouri, seeks to file in forma pauperis application for writ of habeas corpus to test the legality of his conviction, sentence and detention.

On the face of the application here sought to be filed it appears that petitioner "on June 30, 1948, filed an original application for a writ of habeas corpus in the Supreme Court of Missouri" in which petitioner claimed "that he was deprived of due process of law on constitutional grounds of the fairness of his trial." July 12, 1948, the Supreme Court of the State of Missouri denied "the application * * without a decision, failing to decide the constitutional issue involved, relying solely upon the court decision on direct appeal—State v. Lyle, 353 Mo., 386, 182 L. (sic) W. 2 Ed. '530." July 23, 1948, petitioner filed in the Supreme Court of Missouri a motion for rehearing, which said motion was by that court overruled on September 13, 1948.

It is readily inferable from the allegations of the instant application that the identical grounds here relied upon by petitioner for issuance of a writ of habeas corpus by this Court were raised and presented by plaintiff in his application to the Supreme Court of the State of Missouri for a like writ. The grounds here alleged by petitioner are: (1) that he was not present in court at the empaneling of the jury before which he was tried for murder in the first degree; (2) that he was not afforded compulsory process to obtain witnesses in his favor; (3) that petitioner did not have a preliminary hearing; and (4) that petitioner at no time waived his right to indictment by a Grand Jury and consented to be tried by information as was done in the state court of his conviction.

We do not reach a decision whether the matters so presented by petitioner in his instant application, or in his application before the Supreme Court of Missouri, raise federal constitutional grounds which would authorize the issuance of a writ of habeas corpus. Assuming, without deciding, that the matters so alleged are sufficient grounds for issuance of a writ of habeas corpus, we do not believe that

this United States District Court can now entertain the instant application of petitioner for the following reasons:

September 1, 1948, the new United States Code Judiciary and Judicial Procedure became effective. Section 2254 of such Revised Code, 28 U.S.C.A. § 2254, provides as follows:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."

The Honorable John J. Parker, Chief Judge, United States Court of Appeals, Fourth Circuit; Judicial Consultant to the Committee on Revision of Laws of the House of Representatives that considered the revision of the Judicial Code; Chairman of the Committee of the Judicial Conference of Senior Circuit Judges to Study Procedure on Habeas Corpus in the Federal Courts; and a most eminent Federal Circuit Judge; in a recent article, "Limiting the Abuse of Habeas Corpus", found in 8 F.R.D. 171, addressing himself to the effect that the enactment of Section 2254, supra, has had on procedure in United States District Courts on petitions for writs of habeas corpus by prisoners confined in state institutions under judgments of a state court, said: "It will be noted that this section does not prevent application for habeas corpus to the federal courts, if the state has failed to provide corrective process available to the applicant, or if there are circumstances which render the state process ineffective to protect his rights. If the State has provided adequate process, however, and no such circumstances appear, the application may not be granted unless it appears that ap-

plicant has exhausted his remedies under state law; and an applicant is not deemed to have exhausted such remedies 'if he has the right under the law of the State to raise, by any available procedure, the question presented'. The effect of this last provision is to eliminate, for all practical purposes, the right to apply to the lower federal courts for habeas corpus in all states in which successive applications may be made for habeas corpus to the state courts; for, in all such states, the applicant has the right, notwithstanding the denial of prior applications, to apply again to the state courts for habeas corpus and to have action upon such later application reviewed by the Supreme Court of the United States on application for certiorari."

In light of the provisions of Section 2254, supra, of the Revised Judicial Code, and the pre-eminence we attach to the interpretation thereof by Judge Parker (supra), we feel constrained to determine, before entertaining the instant application for habeas corpus, whether under the facts therein alleged petitioner can be said to have exhausted the remedies available" to him in the Courts of the State of Missouri, to test the legality of his conviction and detention; and, whether he now "has the right under the law of (that) State to raise, by any available procedure, the questions" here presented. We do not believe that petitioner has exhausted his state remedies. On the contrary, we are of the opinion that petitioner still has available procedure, under the laws of the State of Missouri, whereby "the questions presented" can be determined by the Courts of that State without invoking the jurisdiction of this United States District Court.

Section 2254, supra, is declaratory of the law announced by the Supreme Court of the United States in Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572. In that case, the rule was announced, 321 U.S. loc. cit. 116, 64 S.Ct. loc. cit. 450, that "Ordinarily an application for habeas corpus by one detained under a state court judgment of conviction for crime will be entertained by a federal court only after all state remedies available, including all appellate remedies in the state courts and in this Court by "appeal or writ of certiorari, have been exhausted." Until the opinion of the Supreme Court in Wade v. Mayo, 334 U.S. 672, 68 S.Ct. 1270, the lower federal courts have consistently held, consonant with the rule announced in Hawk's case, that they will not entertain applications for writs of habeas corpus, by prisoners detained under a judgment of conviction of state courts, under circumstances as presented in the case at bar, until after such prisoner has sought review of the judgment of the state court, in his habeas corpus proceeding there first instituted, either by appeal or application for a writ of certiorari to the Supreme Court of the United States. See dis. op. Wade v. Mayo, supra, 334 U.S. at pages 687, 688, 68 S.Ct. at pages 1277, 1278.

If the effect of Section 2254, supra, of the new Revised Code is as we perceive it to be, then the fact that the instant application fails to reveal that petitioner sought review of the ruling of the Supreme Court of Missouri, in his habeas corpus proceeding, by the Supreme Court of the United States, is sufficient grounds, standing alone, to warrant this court to refrain from entertaining jurisdiction of his present application. Ex parte Hawk, supra.

Although the majority opinion in Wade v. Mayo, supra, would appear to have limited the doctrine of exhaustion of state remedies as delineated in Hawk's case, we do not consider that decision to now be a controlling authority. Since the decision in Wade v. Mayo was handed down, the law relating to procedure in habeas corpus proceedings has been changed. Congress has now prescribed in the Revised Judicial Code specific procedure to be pursued in such cases. That the procedure so established by Act of Congress is controlling over rule of court or court decisions, cannot be questioned. Alaska Packers v. Pillsbury, 301 U.S. 174, 177, 57 S.Ct. 682, 81 L.Ed. 988. "In the absence of the statutory provision contained in section 2254, it was open to the Supreme Court to hold that, after denial of relief by the state courts, petitioner might seek relief either by asking certiorari from the Supreme Court or filing petition

for habeas corpus in the federal courts. Such a holding now, however, would be in the teeth of the statute, which forbids the granting of the writ by the federal courts 'unless it appears that applicant has exhausted the remedies available in the courts of the State', and which goes on to say that he shall not be deemed to have exhausted such remedies if he still has the right under the law of the state 'to raise, by any available procedure, the question presented.'" Limiting the Abuse of Habeas Corpus, supra, 8 F.R.D. at page 177.

■ In the State of Missouri, an applicant for habeas corpus can go by original right to as many courts as he can find, from the lowest to the highest, taking them in gradation of authority. Ex parte Webers, 275 Mo. 677, 205 S.W. 620. In said State, the plea of res judicata in habeas corpus proceedings is good on the same facts only where a prisoner has been discharged; it does not apply where he has been remanded. Ex parte Clark, 208 Mo. 121, 106 S.W. 990, 15 L.R.A.,N.S., 389; In re Breck, 252 Mo. 302, 158 S.W. 843; State ex rel. Tebbetts v. Holtcamp, 252 Mo. 333, 158 S.W. 853. One deprived of his liberty in that State may make successive applications for writs of habeas corpus to secure his freedom, "and this, too, no matter what court has theretofore denied relief, unless it be a court of superior jurisdiction. * * * Subject to this limitation, one restrained of his liberty may in succession apply to every court or officer (in the State) authorized to issue the writ, notwithstanding another court or officer having jurisdiction may have refused to issue it or to discharge him from such restraint." (Parentheses ours.) Ex parte Clark, supra, 106 S.W. loc. cit. 996.

■ In the case at bar, it appears that there is no obstacle which would prevent petitioner from having the legality of his conviction, sentence and detention determined by the Courts of the State of Mis-

souri. The doctrine of exhaustion of state court remedies to so test the legality of his detention requires that he do so. Under the doctrine as now defined in Section 2254, supra, the state court remedies afforded petitioner have not been exhausted. Until he seeks review in the Supreme Court of the United States from the adverse decision on federal constitutional grounds made by the Supreme Court of Missouri, he cannot seek such review of such matters in this Court, as no "special circumstances" are shown to exist why this single United States District Court should in conformity with "wise administration" of state and federal laws, do so.

■ Petitioner has a clear right to seek review by the Supreme Court of the United States of the judgment and ruling of the Supreme Court of Missouri in his habeas corpus proceedings in that Court. Williams v. Kaiser, 323 U.S. 471, 65 S.Ct. 363, 89 L.Ed. 398; Tomkins v. Missouri, 323 U.S. 485, 65 S.Ct. 370, 89 L.Ed. 407. Though such review is not obtained, there is nothing to stop petitioner from again filing in the Supreme Court of Missouri another application for a like writ and thus preserve for review the federal questions he asserts that are inherent in his state court conviction.

It is only after such procedure has been exhausted and petitioner has established that his application to this Court for a writ of habeas corpus presents one of those "rare cases where exceptional circumstances of peculiar urgency are shown to exist" (Hawk v. Olson, 8 Cir., 130 F.2d 910, 913), that he can compel this United States District Court to assume jurisdiction of an application for habeas corpus by him, as a matter of right.

For the reasons above stated, petitioner's motion for leave to file, in forma pauperis, application for writ of habeas corpus, is by the Court sustained. The application so filed is now by the Court dismissed.