**PORTLAND STEVEDORING COMPANY,**
an Oregon corporation, Plaintiff-
Appellee,

v.

**Reginald J. JOHNSON,[1]** Assistant Dep-
uty Commissioner, Fourteenth Compen-
sation District, Bureau of Employees
Compensation, U. S. Department of La-
bor, Defendant,

v.

**Dale M. LOISELLE, Intervenor-
Defendant, Appellant.**

**No. 25621.**

United States Court of Appeals,
Ninth Circuit.

May 5, 1971.

Raymond J. Conboy, Donald R. Wil-
son, John J. Haugh, of Pozzi, Wilson &
Atchison, Portland, Or., for intervenor-
defendant-appellant.

Sidney I. Lezak, U. S. Atty., Portland,
Or., for defendant.

Floyd A. Fredrickson, of Gray, Fred-
rickson & Heath, Portland, Or., for
plaintiff-appellee.

Before DUNIWAY, ELY, and HUF-
STEDLER, Circuit Judges.

PER CURIAM:

Loiselle, a longshoreman, appeals an
order of the District Court which set
aside an award of permanent partial dis-
ability benefits that had been granted
under section 8 of the Longshoremen's
and Harbor Workers' Compensation Act,
33 U.S.C. § 908.

A disability determination by
a Deputy Commissioner of the Depart-
ment of Labor must be accepted unless
it is "unsupported by substantial evi-
dence on the record considered as a
whole." O'Leary v. Brown-Pacific-Max-
on, Inc., 340 U.S. 504, 508, 71 S.Ct. 470,
472, 95 L.Ed. 483 (1951). Although
Loiselle's actual earnings increased after
his injury, the Deputy Commissioner was
not bound precisely to gauge his wage-
earning capacity by the actual wages
received by him after the time of the
disabling injury. Travelers Ins. Co. v.
McClellan, 288 F.2d 250 (2d Cir. 1961);
33 U.S.C. § 908(h). The evidence
showed that the increase in Loiselle's

---

1. After Assistant Deputy Commissioner
Johnson and Loiselle both had filed timely
notices of appeal, the Department of Jus-
tice decided not to pursue the appeal on
behalf of the Deputy Commissioner, and
his appeal was dismissed. Loiselle has, of
course, persevered in his protest against
the District Court's conclusion.

wages was attributable to salary increases as a result of promotion, a raise in salary, and an extra shift. In light of the limited scope of judicial review in cases such as this, we think that the findings of the Deputy Commissioner should have been allowed to stand. Those findings were not without substantial evidentiary support.

Reversed.