TODD SHIPYARDS CORPORATION & the Travelers Insurance Company, Petitioners,

v.

Norman C. ALLAN, Respondent.

and

Director, Office of Workers' Compensation Programs, United States Department of Labor, Real Party in Interest.

No. 80–7511.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 1981.

Decided Jan. 22, 1982.

Rehearing and Rehearing En Banc Denied March 25, 1982.

Robert H. Madden, Detels, Draper & Marinkovich, Seattle, Wash., for petitioners.

Robert D. Duggan, Seattle, Wash., argued, William J. Van Natter, Bothell, Wash., Levinson, Friedman, Vhugen, Dug-gan, Bland & Horowitz, Seattle, Wash., on brief, for Allan.

Before KILKENNY and GOODWIN, Circuit Judges, and TANNER,* District Judge.

GOODWIN, Circuit Judge.

Todd Shipyards appeals from a Benefits Review Board order affirming an award of 25 per cent permanent partial disability pursuant to §§ 8(c)(21) and 8(h) of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 908(c)(21) and 908(h).

The dispositive issues are: (1) whether the Board erred in reversing the administrative law judge's initial finding that Norman Allan's claim was time-barred, and (2) whether substantial evidence supports the administrative law judge's determination that Allan suffered a 25 per cent permanent partial disability.

On December 9, 1971, during the course of his employment, Allan, a shipwright, was injured when a piece of metal fell on his neck and shoulder. Allan experienced pain and dizziness, but continued to work the rest of the day.

The next day, his employer, Todd Shipyards, referred him to Dr. Irving Tobin, an orthopedist. Dr. Tobin diagnosed Allan's condition as a "post occipital headache" and "cervical myosis". Dr. Tobin told Allan the X-rays were normal and that Allan had a bad bruise "which would go away in time." Dr. Tobin gave Allan a prescription for pain and released him for work. Allan went back to work but the headaches and neck pain persisted. In April or May 1973, the neck pain got worse and Allan developed pain in his right arm. In July 1973, he went back to see Dr. Tobin who told him again that he had nothing more than a bad bruise.

---

* The Honorable Jack E. Tanner, United States District Judge for the Western District of Washington, sitting by designation.

In November 1973, X-rays taken by Dr. Tobin revealed a change between the fifth and sixth vertebrae. Dr. Tobin referred Allan to a neurosurgeon, Dr. John Gibson, who diagnosed his condition as progressive cervical spondylosis initiated by the earlier accident. In January 1974, Allan had an anterior disc removal and fusion. On May 17, 1974, Allan returned to work. Allan filed his claim April 5, 1974.

After a hearing, an administrative law judge denied Allan's claim as time-barred under § 13(a) of the Act, 33 U.S.C. § 913(a). The Benefits Review Board reversed this ruling. On remand, the administrative law judge determined that Allan had suffered a 25 per cent permanent partial disability. The Benefits Review Board affirmed. This petition followed.

A. *Statute of Limitations.*

Two versions of § 13(a), 33 U.S.C. § 913(a), have been at issue in this case. At the time of Allan's injury, § 13(a) read in material part as follows:

"The right to compensation for disability under this Act shall be barred unless a claim therefor is filed within one year after the injury . . . ."

In 1972, § 13(a) was amended as follows: "Except as otherwise provided in this section, the right to compensation for disability or death under this Chapter shall be barred unless a claim therefor is filed within one year after the injury or death . . . The time for filing a claim shall not begin to run until the employee or beneficiary is aware, or by the exercise of reasonable diligence should have been aware, of the relationship between the injury or death and the employment. (Amendatory language is underlined.)

■ The administrative law judge applied the version of § 13(a) that had been in effect at the time of Allan's accident. The Board applied the amended version of § 13(a) to Allan's claim. The Board adopted the reasoning of *Cooper Stevedoring of LA., Inc. v. Washington*, 556 F.2d 268, 274 (5th Cir.), *reh. denied*, 560 F.2d 1023 (1977). In *Cooper Stevedoring*, the claimant's accident occurred a few months prior to the

effective date of the amendment to § 13(a). Nonetheless, the Fifth Circuit found that the claim was covered by the amended version of § 13(a). The amendment was procedural and therefore said to apply to pending claims. The remedial statute was read liberally to "best effectuate" the Congressional purpose. 556 F.2d at 272. *See Whirlpool Corp. v. Marshall*, 445 U.S. 1, 13, 100 S.Ct. 883, 891, 63 L.Ed.2d 154 (1980). We agree that the amended version of § 13(a) applies to Allan's claim. The Board was correct in reversing the administrative law judge. Todd argues that the amendment was directed toward latent injuries and occupational diseases, and thus should have no effect on Allan's "traumatic injury." The plain wording of the statute belies any Congressional intention that the amendment be read so narrowly.

■ Todd also argues that even if the amended version of § 13(a) applies to Allan, the claim is still untimely. The amended portion of § 13(a) states that the statute runs when the employee knows or should know "of the relationship between the injury or death and the employment." 33 U.S.C. § 913(a). Todd argues that there is substantial evidence in the record to support the administrative law judge's finding that because Allan continued to suffer headaches and pain during the period between the accident and the surgery, Allan knew, or should have known, that the pain was caused by the accident.

The Board correctly overturned that decision. Allan was told several times by Dr. Tobin that his injury was only a bad bruise. Even though he had recurrent pain and dizziness, he tried to keep working. He was not aware that he suffered a *compensable injury* until a second set of X-rays revealed degenerated cervical discs in November 1973. Following *Stancil v. Massey*, 436 F.2d 274, 277 (D.C.Cir.1970), the Board found that Allan was not "injured" for purposes of the statute of limitations until "he became aware of the *full character, extent, and impact of the harm done to him*." Allan worked until his surgery in January 1974. Only in November 1973 did Allan know that there was an injury in the sense contemplated by § 13(a)—an impairment of

earning power. Under this standard, the statute of limitations did not begin to run until November 1973. Allan filed in April 1974. The claim was not time-barred.

### B. *Partial Permanent Disability.*

█ Under §§ 8(c)(21) and 8(h), 33 U.S.C. §§ 908(c)(21) and 908(h), the administrative law judge on remand found that Allan had suffered a 25 per cent partial permanent disability.

Allan's claim falls under § 8(c)(21), 33 U.S.C. § 908(c)(21) because such injuries are unscheduled injuries. Section 8(c)(21) provides:

> "(21) Other cases: In all other cases in this class of disability the compensation shall be 66⅔ per centum of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment or otherwise, payable during the continuance of such partial disability, but subject to reconsideration of the degree of such impairment by the deputy commissioner on his own motion or upon application of any party in interest."

Section 8(h), 33 U.S.C. § 908(h), indicates how wage-earning capacity in cases of partial disability is determined:

> "(h) The wage-earning capacity of an injured employee in cases of partial disability under subdivision (c)(21) of this section or under subdivision (e) of this section shall be determined by his actual earnings if such actual earnings fairly and reasonably represent his wage-earning capacity: *Provided, however,* That if the employee has no actual earnings or his actual earnings do not fairly and reasonably represent his wage-earning capacity, the deputy commissioner may, in the interest of justice, fix such wage-earning capacity as shall be reasonable, having due regard to the nature of his injury, the degree of physical impairment, his usual employment, and any other factors or circumstances in the case which may affect his capacity to earn wages in his disabled condition, including the effect of disability as it may naturally extend into the future."

█ After recovery from surgery, Allan returned to his job as quarterman. He had been promoted to this position in November 1973 after the accident but before the surgery. His actual wages were higher than before the accident. The administrative law judge must determine that actual wages do not fairly represent wage-earning capacity before inquiring into other § 8(h) factors.

The administrative law judge found that Allan was still disabled after the surgery. Uncontradicted testimony by Dr. Burrell indicated that Allan sustained a 25 per cent loss of function in each arm and 25 per cent whole body standard. He could not lift more than 25 pounds. A vocational expert testified that with this disability Allan could not perform his previous jobs. He could work only at jobs that could be performed by a worker with his disability.

█ The administrative law judge then determined that Allan's post-injury earnings do not fairly represent his wage-earning capacity because his disabilities make it unlikely that he could compete on the open market. The shipbuilding industry often is "cyclical," and it is conceivable that Allan might be demoted into a job requiring more physical work than his present job. As a result of his injury Allan would not be able to perform jobs that require greater tool use and more physical activity. Section 8(h) allows the administrative law judge to consider the future effects of a disability. *Hole v. Miami Shipyards Corp.,* 640 F.2d 769, 772 (5th Cir. 1981); *Lumber Mutual Casualty Insurance Co. v. O'Keeffe,* 217 F.2d 720, 723 (2d Cir. 1954); *Hughes v. Litton Systems, Inc.,* 6 Benefits Review Board Service 301 (BRB 1977). Higher post-injury wages do not preclude compensation if the claimant actually suffered a loss of wage-earning capacity. *Portland Stevedoring Co. v. Johnson,* 442 F.2d 411 (9th Cir. 1971); *Collins v. Todd Shipyards,* 9 Benefits Review Board Service 1015 (BRB 1979).

### CONCLUSION

Allan's claim was not time-barred under the 1972 amendment to § 13(a), 33 U.S.C.

§ 913(a). The decision of the Board reversing the administrative law judge on that point is affirmed. Substantial evidence supports the second administrative law judge's finding that Allan suffered a 25 per cent permanent partial disability under §§ 8(c)(21) and 8(h) of the Act, 33 U.S.C. §§ 908(c)(21) and 908(h).

Affirmed.