**MARATHON OIL COMPANY and Hartford Accident & Indemnity Company, Petitioners,**

v.

**Michael J. LUNSFORD and Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

No. 83–4038.

United States Court of Appeals, Fifth Circuit.

June 8, 1984.

Burke & Mayer, Joseph P. Tynan, New Orleans, La., for petitioners.

Kevin J. Galatas, New Orleans, La., T. Timothy Ryan, Jr., Sol. of Labor, Marianne Demetral Smith, William C. Jacobs, Director, Office of Workers' Compensation, U.S. Dept. of Labor, Washington, D.C., for respondents.

Before WISDOM, REAVLEY and HIGGINBOTHAM, Circuit Judges.

REAVLEY, Circuit Judge:

Michael Lunsford suffered a cervical strain as a result of a work-related accident that occurred in 1976. Our question is whether a 1979 claim for disability due to a herniated disc, unknown to Lunsford earlier but arising out of the 1976 accident, was barred by the one-year statute of limitations of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 913(a) (1976). We agree with the Board and Administrative Law Judge that the claim was not barred.

### I

Lunsford worked for Marathon Oil Company as a mechanic on an offshore drilling rig when, on February 20, 1976, he slipped and fell on the drilling platform. His treating physician diagnosed the injury as acute cervical strain and told Lunsford he might experience some pain from the injury for approximately one year. Lunsford missed approximately three weeks of work, for which he received worker's compensation, then returned to work full time. He experienced pain, but this gradually diminished over the next year, as the physician had predicted. For the following six to seven months Lunsford thought he had fully recovered.

In June or July 1978 Lunsford began to suffer neck pain of a different kind than he had previously experienced. A physician performed a myelogram in November 1978 and diagnosed a mildly herniated disc which probably resulted from his fall in 1976. A second opinion confirmed this diagnosis and both doctors advised Lunsford

to find less strenuous work. From November 23, 1978, through March 12, 1979, Lunsford was on leave from work due to his industrial injury. Marathon notified Lunsford by letter that he would have to return to work. On May 25, 1979, Lunsford filed a claim for worker's compensation benefits under the Longshoremen's and Harbor Workers' Compensation Act.

Marathon Oil Company and its insurer, Hartford Accident and Indemnity Co., contested the claim, arguing that it was barred by the one-year statute of limitations of 33 U.S.C. § 913(a) (1976):

> Except as otherwise provided in this section, the right to compensation for disability or death under this chapter shall be barred unless a claim therefore is filed within one year after the injury or death. If payment of compensation has been made without an award on account of such injury or death, a claim may be filed within one year after the date of the last payment.... The time for filing a claim shall not begin to run until the employee or beneficiary is aware, or by exercise of reasonable diligence should have been aware, of the relationship between the injury or death and the employment.

Marathon and Hartford maintained that since the claim was filed more than one year after the accident occurred and more than a year after the date of the last compensation payment, it was barred by the statute of limitations. Lunsford argued that the claim was timely filed since it was filed within one year of the date he became aware of the relationship between his disc injury and his employment. The administrative law judge held that the limitations period had not commenced until Lunsford knew that he had a disc injury and knew that the injury would affect his earning capacity. The Benefits Review Board affirmed and Marathon appeals.

## II

The scope of our review is to correct errors of law and assure that the Board adhered to its statutory standard of review, i.e., whether the administrative law judge's findings of fact are supported by substantial evidence. *New Orleans (Gulf-Wide) Stevedores v. Turner*, 661 F.2d 1031, 1037 (5th Cir.1981); *Avondale Shipyards, Inc. v. Vinson*, 623 F.2d 1117, 1119 n. 1 (5th Cir.1980).

■ The principal question here is the legal one. Assuming the well-supported fact determination that Lunsford was unaware, and reasonably so, that he had suffered an injury due to the 1976 fall that would significantly disable him from future employment, was the 1979 claim barred by the one-year time limit? Because of the last sentence quoted above of § 913(a), which Congress added to the statute in 1972, the claim was not barred. Prior to that amendment the limitations period began to run at the time of a traumatic injury, regardless of disability or the lack of it. *Pillsbury v. United Engineering Co.*, 342 U.S. 197, 72 S.Ct. 223, 96 L.Ed. 225 (1952). Under the amendment we look to the employee's appreciation of the relation between his injury and his employment. For prescription to run against him, he must know (or should know) the true nature of his condition, i.e., that it interferes with his employment by impairing his capacity to work, and its causal connection with his employment. *Cooper Stevedoring, Inc. v. Washington*, 556 F.2d 268, 274 (5th Cir.1977); *see Todd Shipyards Corp. v. Allan*, 666 F.2d 399, 401–402 (9th Cir. 1982).

■ The fact that Lunsford did not work for three weeks after his fall, for which some compensation was voluntarily paid, does not prevent the application of this rule. At that time he and his doctor regarded his problem as one of those passing aches and pains which laboring people expect and endure. The consequence was not seen as having any significant effect upon his earning capacity. *See Stancil v. Massey*, 436 F.2d 274 (D.C.Cir.1970); 3 A. Larson, *The Law of Workmen's Compensation* § 78.44 (1976).

It would be a different matter if Lunsford had suffered some significant disabili-

ty in 1976 for which no claim had been made until later when that disability had become even greater. If the employee knows, or should know, that his earning capacity is impaired, he must file his claim and may not await further developments in his condition. *See Aerojet-General Shipyards, Inc. v. O'Keeffe*, 413 F.2d 793, 795 (5th Cir.1969). *Accord Robbins v. United States*, 624 F.2d 971, 972 (10th Cir.1980); *Fletcher v. Union Pacific Railroad*, 621 F.2d 902, 906 (8th Cir.1980), *cert. denied*, 449 U.S. 1110, 101 S.Ct. 918, 66 L.Ed.2d 839 (1981).

 This assumes that the disability is caused by one and the same injury. There may, of course, be two or more injuries received in the same accident. While the disability due to one injury may be immediately appreciated, the existence and consequences of another injury may be unknown for months or years thereafter. The claim for the unknown injury is not barred by the passage of one year. *Aerojet-General Shipyards, Inc. v. O'Keeffe*, 413 F.2d at 795. That may have been the appropriate characterization of Lunsford's case but, if so, it was not recognized by either the claimant or the ALJ or the Board. Since the sprain was regarded as something that would not impair Lunsford's earning capacity, however, it does not matter whether we find one or multiple injuries. The only disabling injury was the herniated disc, and that was unknown until late 1978.

### III

 Marathon also contends that the administrative law judge's finding of total disability is not supported by the evidence. We disagree. Once the claimant has established that he is no longer capable of performing his former work because of a job-related injury, he has made a prima facie case and the burden shifts to his employer to prove the existence of suitable alternative employment opportunities for the claimant. *Turner*, 661 F.2d at 1038; *Diamond M. Drilling Co. v. Marshall*, 577 F.2d 1003, 1007 (5th Cir.1978). Letters of treating physicians indicated that Lunsford

was no longer capable of performing his prior work. The burden then shifted to Marathon to show the existence of suitable alternative employment opportunities. Because Marathon introduced no evidence of such job availability, it failed to meet its burden.

AFFIRMED.