United States Court of Appeals,

Fifth Circuit.

Nos. 92-4974, 92-5003 and 92-5034.

Caylor TANNER, and Director, Office of Workers' Compensation Programs, U.S. Department of Labor, Petitioners,

v.

INGALLS SHIPBUILDING, INC., Respondent.

Adolphus LEE, and Director, Office of Workers' Compensation Programs, U.S. Department of Labor, Petitioners,

v.

INGALLS SHIPBUILDING, INC., Respondent.

Norman WITTNER, and Director, Office of Workers' Compensation Programs, U.S. Department of Labor, Petitioners,

v.

INGALLS SHIPBUILDING, INC., Respondent.

Sept. 21, 1993.

Petitions for Review of an Order of the Benefits Review Board.

Before WIENER, EMILIO M. GARZA, Circuit Judges, and LITTLE[*], District Judge.

LITTLE, District Judge:

The issue common to each appellant is whether occupational hearing loss claimants under the Longshoremen's and Harbor Workers' Compensation Act (the Act) are required to have their hearing disabilities compensated under subsection (A) or subsection (B) of 33 U.S.C. § 908(c)(13). Finding that subsection (A) is the applicable portion of the Act, we reverse the administrative decisions of the Benefits Review Board.

FACTS

This appeal represents the consolidation of three similar claims that arose under the Act. In each case, the claimant was an employee of the appellee, Ingalls Shipbuilding, Inc. (Ingalls), and

[*]District Judge of the Western District of Louisiana, sitting by designation.

suffered an employment related hearing loss.  As a result of hearing tests performed on the claimants, each was diagnosed as having zero percent impairment in one ear and measurable impairment in the other ear.  Each claimant filed for compensation benefits under the Act and was accorded a hearing before an administrative law judge (ALJ).

In two of the cases (Tanner and Wittner), the ALJ recognized that the claimants had impairment in only one ear (monaural impairment) but concluded that compensation should be calculated as impairment in both ears (binaural impairment), in accordance with 33 U.S.C. § 908(c)(13)(B).  The Benefits Review Board (the Board) affirmed this approach.  In the remaining case (Lee), the same ALJ awarded compensation on the basis of a monaural impairment in accordance with 33 U.S.C. § 908(c)(13)(A), and the Board reversed this decision.

## STANDARD OF REVIEW

This court reviews decisions of the Benefits Review Board for errors of law and adherence to the substantial evidence standard that governs the Board's review of the ALJ's factual determinations. *Marathon Oil Co. v. Lunsford,* 733 F.2d 1139, 1141 (5th Cir.1984).  Generally, the Director's interpretation of the Act is entitled to deference. *Boudreaux v. American Workover, Inc.,* 680 F.2d 1034, 1046 (5th Cir.1982).  But, no deference will be given to an administrative interpretation of a statute that is contrary to the plain meaning of its language. *Nicklos Drilling Co. v. Cowart,* 927 F.2d 828, 831 (5th Cir.1991).

## THE LANGUAGE OF THE ACT

The pertinent part of section 908 states:

§ 908. Compensation for disability

Compensation for disability shall be paid to the employee as follows:

\* \* \* \* \* \*

(c) Permanent partial disability:  In case of disability partial in character but permanent in quality the compensation shall be 662/3 per centum of the average weekly wages, ... and shall be paid to the employee, as follows:

\* \* \* \* \* \*

(13) Loss of hearing:

(A) Compensation for loss of hearing in one ear, fifty-two weeks.

(B) Compensation for loss of hearing in both ears, two-hundred weeks.

\* \* \* \* \* \*

(E) Determinations of loss of hearing shall be made in accordance with the guides for the evaluation of permanent impairment as promulgated and modified from time to time by the American Medical Association.

33 U.S.C.S. § 908 (1980 & Supp.1993).

During the administrative proceedings Ingalls argued, and the Board agreed, that subsection 908(c)(13)(E) requires monaural hearing impairments be converted to binaural hearing percentages pursuant to the American Medical Association's *Guides for the Evaluation of Permanent Impairment* (AMA Guides). The pertinent part of the AMA Guides reads:

Binaural hearing impairment is determined using the following formula:

$$\text{Binaural Hearing Impairment (\%)} = \frac{5 \times \begin{array}{c}\text{7 hearing}\\\text{impairment}\\\text{of better ear}\end{array} + \begin{array}{c}\text{7 hearing}\\\text{impairment}\\\text{of poorer ear}\end{array}}{6}$$

-----

A purely monaural hearing impairment should be converted to binaural hearing impairment for the better ear.

It was this conversion to binaural hearing impairment that caused each claimant to be compensated under § 908(c)(13)(B) rather than § 908(c)(13)(A), and in each instance, this conversion resulted in a smaller award than the claimant would have received if § 908(c)(13)(A) had been applied.

## INTERPRETATION OF THE STATUTE

In its three-two opinion in Tanner, the Board stated that in the 1984 amendments to the Act, Congress specified that hearing loss determinations are to be made in accordance with the current AMA Guides, and the Guides require that monaural impairment should be converted to binaural

impairment. It was the Board's conclusion that Congress intended to treat the question of impairment as a medical issue rather than a legal issue. The Board further stated that this does not read § 908(c)(13)(A) out of the statute as subsection (A) still applies when a claimant suffers a traumatic injury to one ear that results in a loss of hearing in that ear.

Although this is a case of first impression for this circuit, the Second and Fourth Circuits have dealt with cases directly on point. The Fourth Circuit found that the interpretation of the Board runs afoul of the basic principal that a statute must not be interpreted to render a portion of the statute meaningless. It was the Fourth Circuit's opinion that the Board had effectively read subsection (A) out of the statute because neither the legislative history nor the statute provided any basis for the view that subsection (A) was limited to cases in which hearing loss was caused by traumatic injury. *Garner v. Newport News Shipbuilding and Dry Dock Company,* 1992 WL 29281, *2, 1992 U.S.App. LEXIS 2327, *5 (4th Cir.1992). In addition, the Fourth Circuit noted it could find no logical reason for compensating monaural hearing losses differently depending on their cause. *Id.*

The Fourth Circuit went on to state that it could find "no irreconcilable conflict between the statute's directive that monaural losses be compensated according to the criteria of subsection (A) and the directive of subsection (E) that determinations of hearing loss be made in accordance with the Guides." *Id.* The Fourth Circuit viewed the Guides as providing the method employed under the Act for *measuring* hearing loss, while the statute provides a formula for determining how the loss will be *compensated. Id.,* 1992 WL 29281 at *2, 1992 U.S.App. LEXIS 2327 at *5-6.

The Second Circuit found the Board's reading of the statute "untenable" stating:

> Although the AMA Guides recommend that monaural loss be converted to binaural loss, just as the Guides recommend that "all impairments should be expressed as impairments of the whole person," this suggestion does not override the explicit statutory subsection providing benefits for the victims of monaural hearing loss.... The statute, which serves as our touchstone, provides for monaural loss. In light of the statutory directive, we do not believe Congress intended to compensate only for binaural loss.

*Rasmussen v. General Dynamics Corp., Elec. Boat Div.,* 993 F.2d 1014, 1017 (2nd Cir.1993).

We agree with the reasoning of our sister circuits. Both the Second and the Fourth Circuit conclude that the plain language of the statute provides subsection (E) should be used as a guide for determining the amount of loss, while subsection (A) should be used to determine how this loss

should be compensated.  Therefore, we do not find an irreconcilable conflict between subsections (A) and (E), and we note that if there was such a conflict, subsection (A) would prevail over the AMA Guides referred to in subsection (E) as it was clearly the intent of Congress that monaural impairment should be compensated according to the specific language of subsection (A).

All three claimants had a measurable hearing loss in only one ear.  The statute clearly states that compensation under subsection (A) is for "loss of hearing *in one ear* " while subsection (B) is for "loss of hearing *in both ears.*"  33 U.S.C. § 908(c)(13)(A) and (B) (emphasis added).  In addition, subsection (C) provides that an audiogram shall be presumptive evidence of the amount of hearing loss.  33 U.S.C. § 908(c)(13)(C).  Therefore, because it is undisputed that the results of an audiogram performed on each claimant showed a zero percent hearing impairment in one ear and measurable impairment in the other, each claimant should be compensated for loss of hearing *in one ear* as set forth in subsection (A).

Accordingly, the decision of the Benefits Review Board is reversed as to all three claimants and the claimants' compensation shall be calculated in accordance with 33 U.S.C. § 908(c)(13)(A).  Our judgment as to each claimant is as follows:

> *Adolphus Lee:*   The decision of the Board is reversed and the award granted by the administrative law judge is reinstated.
>
> *Caylor Tanner:*   The decision of the Board is modified to compensate the claimant for monaural hearing impairment of 4.65 percent pursuant to 33 U.S.C. § 908(c)(13)(A), resulting in compensation to claimant Tanner for 2.42 weeks.
>
> *Norman Wittner:*  The decision of the Board is modified to award the claimant for monaural hearing impairment of 10.4 percent pursuant to 33 U.S.C. § 908(c)(13)(A), resulting in compensation to claimant Wittner for 5.41 weeks.
>
> REVERSED.