**Richard BAKER, Petitioner,**

v.

**BETHLEHEM STEEL CORPORATION; Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

No. 93–1695.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 7, 1994.

Decided May 24, 1994.

**ARGUED:** Thomas L. Samuel, Law Offices of Peter G. Angelos, Baltimore, MD, for petitioner. Karen Birnbaum Kracov, Office of the Sol., U.S. Dept. of Labor, Washington, D.C., for Respondent Director; Richard William Scheiner, Semmes, Bowen & Semmes, Baltimore, MD, for respondent Bethlehem Steel.

**ON BRIEF:** Jeffrey R. Scholnick, Keith E. Haynes, Law Offices of Peter G. Angelos, Baltimore, MD, for petitioner. Thomas S. Williamson, Jr., Sol. of Labor, Carol A. De Deo, Associate Sol., Samuel J. Oshinsky, Counsel for Longshore, Office of the Sol., U.S. Dept. of Labor, Washington, D.C., for respondent Director; Heather H. Kraus, Semmes, Bowen & Semmes, Baltimore, MD, for respondent Bethlehem Steel.

Before MURNAGHAN and NIEMEYER, Circuit Judges, and ELLIS, United States District Judge for the Eastern District of Virginia, sitting by designation.

Reversed and remanded by published opinion. Judge MURNAGHAN wrote the opinion, in which Judge NIEMEYER and District Judge ELLIS joined.

## OPINION

MURNAGHAN, Circuit Judge:

The instant case presents the issue of whether a longshore employee who sustains an occupational, noise-induced, monaural hearing loss may be compensated for a monaural loss or must instead have his loss converted into a binaural loss for purposes of calculating his benefits under the Longshore and Harbor Workers' Compensation Act, as amended. 33 U.S.C. §§ 901–950 (1988).

Appellant, Richard Baker, has worked for Bethlehem Steel Shipyard since 1968 as a shipfitter. In his job he was exposed to noise when he used or worked with coworkers who used handjacks, mauls, and airhammers to shape and cut steel. He also worked in the proximity of overhead cranes that used sirens and whistles to signal workers.

Baker was given a hearing test on August 23, 1988 by Bethlehem Steel Corporation which showed a hearing loss of 30% in the left ear. Bethlehem Steel referred Baker to Dr. Robert Schwager who also found a 30% monaural loss in the left ear which he attributed to noise exposure. Dr. Schwager recommended that Baker receive a hearing aid for the left ear. When Bethlehem Steel refused to obtain a hearing aid for Mr. Baker, he filed a compensation claim.

A hearing was held on February 2, 1991 before an Administrative Law Judge. The ALJ found that Baker had sustained under 33 U.S.C. § 908(c)(13)(A) an occupational monaural hearing loss in his left ear of 30% and that pursuant to 33 U.S.C. § 908(c)(19), he was entitled to compensation for permanent partial disability at a rate of $279.24 per week for a period of 15.6 weeks.* Bethle-

---

* The Statute provides in pertinent part:

Compensation for disability shall be paid to the employee as follows:
. . . .

(c) Permanent partial disability: In case of disability partial in character but permanent in quality the compensation shall be 66 2/3 percentum of the average weekly wages, ... and shall be paid to employee as follows:

hem Steel filed an Appeal to the Benefits Review Board (the "Board").

While Bethlehem Steel did not contest that Mr. Baker sustained an occupational hearing loss, the Company argued that Baker should have been compensated for a binaural and not for a monaural loss. The Benefits Review Board vacated and modified the ALJ's Decision and held that the ALJ should have converted the 30 percent monaural loss to a 5 percent binaural hearing impairment under The American Medical Association's *Guides to the Evaluation of Permanent Impairments* (3d ed., *revised,* 1990). The Board ruled that pursuant to 33 U.S.C. § 908(C)(13)(B), all monaural hearing loss must be converted to a binaural impairment, on a finding that the formula for calculating monaural hearing loss under 33 U.S.C. § 908(c)(13)(A) could not be used in cases where hearing loss was caused by exposure to noise.

The Board majority determined that subsection (A) was intended to address only circumstances in which the monaural loss occurred because of a traumatic injury. The decision by the Board reduced the disability of the Appellant from 15.6 weeks to 10 weeks while maintaining the same compensation rate of $279.24, thereby lowering the Award from $4,356.14 to $2,792.40.

A Motion for Reconsideration of the Benefits Review Board Decision was filed and was denied.

The instant discussion need not detain us long, for this Court has been joined by two other circuits in deciding the legal issue presented by this appeal against the position advanced by the Board. In *Garner v. Newport News Shipbuilding & Dry Dock Co.,* 955 F.2d 41 (4th Cir.1992) (unpublished), we wrote:

> It is well settled that a statute must not be interpreted to render a portion of the statute meaningless or without effect. *See Mountain States Tel. & Tel. Co. v. Pueblo of Santa Ana,* 472 U.S. 237, 249 [105 S.Ct. 2587, 2594, 86 L.Ed.2d 168] (1985); *Woodfork v. Marine Cooks and Steward's Union,* 642 F.2d 966, 970–71 (5th Cir.1981), *quoting Zeigler Coal Co. v. Kleppe,* 536 F.2d 398 (D.C.Cir.1976). The interpretation of the Board majority runs afoul of this principle by effectively reading subsection (A) out of the statute. Neither the statute nor its legislative history provides any basis for the view that subsection (A) is limited to cases where hearing loss was caused by traumatic injury. Moreover, we see no logical reason for compensating monaural hearing losses differently depending on their cause.

> We see no irreconcilable conflict between the statute's directive that monaural losses be compensated according to the criteria of subsection (A) and the directive of subsection (E) that determinations of hearing loss be made in accordance with the Guides. The Guides provide the methods employed under the Act for measuring hearing loss, whether monaural or binaural. The statute serves a different function; it provides a formula for determining how such losses should be compensated.

While the *Garner* opinion is unpublished, its logic is persuasive. It is fortified by *Tanner v. Ingalls Shipbuilding, Inc.,* 2 F.3d 143 (5th Cir.1993) (unpublished); *Rasmussen v. General Dynamics Corp., Elec. Boat Div.,* 993 F.2d 1014, 1017 (2nd Cir.1993).

Accordingly, the decision of the Benefits Review Board is hereby reversed and the case is remanded for reinstatement of the Administrative Law Judge's determination.

*REVERSED AND REMANDED.*

---

(13) Loss of hearing
 (A) Compensation for loss of hearing in one ear, fifty-two weeks.
 (B) Compensation for loss of hearing in both ears, two-hundred weeks.
 . . . .

(E) Determination of loss of hearing shall be made in accordance with the guides or the evaluation of permanent impairment as promulgated ... by the American Medical Association.

33 U.S.C. § 908 (1980 & Supp.1993).