John RAMBO, Petitioner,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS; Metropolitan Stevedore Company, Respondents.

No. 92–70783.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 1994.

Decided June 24, 1994.

Thomas J. Pierry, Pierry and Moorhead, Wilmington, CA, for petitioner.

LuAnn Kressley, U.S. Dept. of Labor, Office of the Sol., Washington, DC, for respondents.

Before: REINHARDT and LEAVY, Circuit Judges, and BROWNING,* District Judge.

Opinion by Judge LEAVY.

LEAVY, Circuit Judge:

In 1983, the appellant John Rambo ("Rambo") was awarded $80.16 per week in worker's compensation for a permanent partial disability to his back and leg. Rambo subsequently attended crane school and obtained a position as a crane operator. In 1990, Rambo's employer, Metropolitan Stevedore Company ("Metropolitan") moved to have his benefits terminated. Despite the fact that Rambo's physical condition had not changed, Metropolitan argued that Rambo was no longer eligible for the benefits because he was presently working at a job that paid him $1,505.21 per week—almost 300% of Rambo's pre-injury average weekly wage.

The Administrative Law Judge ("ALJ") found in favor of Metropolitan and terminated Rambo's benefits. The ALJ determined that Rambo's new job was a "change in conditions" within the meaning of 33 U.S.C. § 922.[1] The Benefits Review Board affirmed. Both the ALJ's and the Board's decisions relied upon *Fleetwood v. Newport News Shipbuilding & Dry Dock Co.,* 776 F.2d 1225 (4th Cir.1985), which held that a mere change in a claimant's wages could satisfy the "change in conditions" requirement for modification. Neither decision cited any Ninth Circuit cases. However, our cases make clear that only a change in a claimant's *physical* condition can justify an award modification. A change in a claimant's wages, training, skills, or educational background is insufficient. Accordingly, we reverse the decision of the Benefits Review Board ("BRB").

---

* The Honorable William D. Browning, Chief United States District Judge for the District of Arizona, sitting by designation.

## Analysis

Under our cases, a mere change in a claimant's wages, training, skills, or educational background is not sufficient to meet the "change in conditions" requirement for an award modification. Rather, a party seeking to modify an award must prove that the claimant has undergone a change in his physical condition. *See, e.g., Pillsbury v. Alaska Packers Ass'n,* 85 F.2d 758, 760 (9th Cir. 1936), *rev'd on other grounds,* 301 U.S. 174, 57 S.Ct. 682, 81 L.Ed. 988 (1937) ("The expression 'change in conditions' refers to a *change in the physical condition* of the employee." (emphasis added)).

For example, in *McCormick S.S. Co. v. United States Employees' Compensation Comm'n,* 64 F.2d 84 (9th Cir.1933), we held that a mere change in a claimant's wages—without proof of a change in his physical condition—was not sufficient to satisfy the "change in conditions" requirement of 33 U.S.C. § 922. *See id.* at 86 (rejecting the petition for modification because it was not based upon *"a change in physical condition,"* but rather upon the claimant's changed earnings (emphasis added)).

Here, the respondent relies exclusively upon the Fourth Circuit's decision in *Fleetwood,* which held that a mere change in a claimant's wages could satisfy the "change in conditions" requirement of 33 U.S.C. § 922. As the *Fleetwood* dissent noted, the Fourth Circuit's rule is in direct conflict with the Ninth Circuit's rule. *See id.* at 1235 (Warriner, J., dissenting) (noting that "[b]eginning with the first opinion dealing with the question, [*McCormick,*] handed down in 1933, and continuing thereafter, the courts have uniformly interpreted the term "change in conditions" in [33 U.S.C. § 922] to refer exclusively to a *change in physical condition* of the employee receiving compensation." (emphasis added)). A three-judge panel may not overturn Ninth Circuit precedent. *United States v. Lewis,* 991 F.2d 524, 526 n. 1 (9th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 216, 126 L.Ed.2d 172 (1993).

---

1. Section 922 provides for a modification of awards for, among other things, a "change in conditions."

As the *Fleetwood* dissent points out, *id.*, the Fourth Circuit's rule conflicts with the position taken by the First and Fifth Circuits. *See, e.g., General Dynamics Corp. v. Director, Office of Workers' Compensation Programs, United States Dep't of Labor*, 673 F.2d 23, 25 n. 6 (1st Cir.1982) ("Courts uniformly have held that a 'change in conditions' . . . means a change in the employee's *physical* condition, not other conditions." (emphasis in original)); *Burley Welding Works, Inc. v. Lawson*, 141 F.2d 964, 966 (5th Cir.1944) (citing *McCormick* and *Pillsbury*; and holding that "[i]t has been uniformly held that the term 'change in conditions' . . . means a change in the employee's *physical condition, and not other conditions*" (emphasis added)). Thus, this circuit's precedent is supported by the clear weight of authority.

REVERSED.