**John RAMBO, Claimant–Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS; Metropolitan Stevedore Company, Respondents.**

No. 92–70783.

United States Court of Appeals, Ninth Circuit.

April 10, 1996.

On Remand from the United States Supreme Court.

Before: REINHARDT and LEAVY, Circuit Judges, and BROWNING,* District Judge.

Partial Concurrence and Partial Dissent by Judge REINHARDT.

LEAVY, Circuit Judge:

## INTRODUCTION

This appeal is before us on remand from the Supreme Court for our consideration of issues raised originally on appeal but not discussed in our earlier decision. *Rambo v. Director, Office of Workers' Compensation Programs,* 28 F.3d 86 (9th Cir.), *rev'd and remanded sub nom., Metropolitan Stevedore Co. v. Rambo,* — U.S. —, 115 S.Ct. 2144, 132 L.Ed.2d 226 (1995). We now reverse the Benefits Review Board's order affirming the termination of Rambo's benefits and remand for entry of a nominal award.

## FACTS AND PRIOR PROCEEDINGS

In 1980, appellant John Rambo (Rambo) injured his back and leg while working as a longshore frontman for Metropolitan Stevedore Company (Metropolitan). Rambo filed

---

* The Honorable William D. Browning, Chief United States District Judge for the District of Arizona, sitting by designation.

a claim with the Department of Labor that was submitted to an Administrative Law Judge (ALJ). In 1983 the ALJ awarded Rambo $80.16 per week in worker's compensation for a permanent partial disability, pursuant to § 8(c)(21) of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 908(c)(21) (1986) (LHWCA). Section 22 of the LHWCA allows for modification of a disability award "on the ground of a change in conditions or because of a mistake in a determination of fact." 33 U.S.C. § 922. In 1990, Metropolitan requested an award modification to terminate Rambo's benefits. Rambo's physical condition had not changed, but he was working as a crane operator, a job that paid him almost 300% of his pre-injury average weekly wage. In opposing the requested modification, Rambo argued that his award could not be modified because he had been promised by Metropolitan's attorney that he would get the $80.16 weekly payment for the rest of his life, or, alternatively, that the new job was not a "change in conditions" within the meaning of 33 U.S.C. § 922. The ALJ ruled that Rambo's award of benefits did not constitute a settlement and, therefore, could properly be modified and that Rambo's new job was a "change in conditions" that supported modification. The ALJ then terminated Rambo's benefits. The Benefits Review Board (BRB) affirmed.

We reversed the BRB in the belief that the "change in conditions" requirement for an award modification under § 922 required proof that Rambo had undergone a change in his physical condition. *Rambo,* 28 F.3d at 87. The Supreme Court reversed, holding "that a disability award may be modified under § 22 where there is a change in the employee's wage-earning capacity, even without any change in the employee's physical condition." *Metropolitan Stevedore Co.,* —— U.S. at ——, 115 S.Ct. at 2150. The Supreme Court remanded the case "[b]ecause Rambo raised other arguments before the Ninth Circuit that the panel did not have the opportunity to address." *Id.*

The two issues raised by Rambo and not decided in our earlier ruling are:

(1) Should the employer be estopped from filing a 33 U.S.C. § 922 Petition for Modifi-

cation because of the representation of its attorney to "Rambo" that the award would be paid for life?

(2) Given the 1983 Stipulated Decision and Order Permanent Disability Benefits, "in the interest of justice", should this case be remanded for the entry of a nominal award of loss of wage earning capacity?

Petitioner's Opening Brief at 7 & 9. Metropolitan moves to dismiss Rambo's appeal on the ground that these issues were not raised before the ALJ or BRB.

## ANALYSIS

### Standards of Review

The BRB must accept the ALJ's factual findings if they are supported by substantial evidence. 33 U.S.C. § 921(b)(3). BRB decisions are reviewed by the appellate courts for "errors of law and adherence to the substantial evidence standard." *Metropolitan Stevedore Co. v. Brickner,* 11 F.3d 887, 889 (9th Cir.1993) (internal quotations omitted). Because the Board is not a policy-making agency, its interpretation of the LHWCA is not entitled to any special deference from the courts. We have noted, however, that we will "respect the Board's interpretation of the statute 'where that interpretation is reasonable and reflects the policy underlying the statute.'" *Long .v. Director, Office of Workers' Compensation Programs,* 767 F.2d 1578, 1580 (9th Cir. 1985) (citations omitted) (quoting *National Steel & Shipbuilding Co. v. United States Dep't of Labor,* 606 F.2d 875, 880 (9th Cir. 1979)).

### Discussion

Metropolitan moves to dismiss Rambo's appeal for failure to raise the issues before the ALJ and BRB. Issues not raised before these bodies will not be heard on appeal. *Goldsmith v. Director, Office of Workers' Compensation Programs,* 838 F.2d 1079, 1081 (9th Cir.1988); *Long,* 767 F.2d at 1583.

There is no bright-line rule to determine whether a matter has been properly raised. A workable standard, however, is that the argument must be raised suffi-

ciently for the trial court to rule on it. *In re E.R. Fegert, Inc.,* 887 F.2d 955, 957 (9th Cir.1989) (citations omitted).

### 1. *Estoppel.*

Rambo argued to the ALJ that Metropolitan's Application for Modification under § 922 "should be dismissed because the parties settled this claim in 1983.... The employer agreed to pay $80.16 per week 'indefinitely.'" On appeal to the BRB Rambo argued that there was a "settlement" between the parties and that Metropolitan was "estopped" from withdrawing from the settlement.

Both the ALJ and BRB treated Rambo's arguments as assertions that the 1983 Order constituted a settlement under 33 U.S.C. § 908(i)(1). They found that the Order was not a statutory settlement and, consequently, Metropolitan could seek modification under § 922. Neither the ALJ nor the BRB ruled on the estoppel issue. That they did not rule on it is not controlling, however, if the issue was sufficiently raised below for the ALJ and BRB to rule on it. *Smiley v. Director,* 984 F.2d 278, 281 (9th Cir.1993). The ALJ and the BRB could have ruled on the estoppel issue. Thus, Rambo can raise the estoppel argument on appeal.

■ Application of the estoppel doctrine requires four elements: (1) the party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the facts; and (4) he must rely on the former's conduct to his injury. *Ellenburg v. Brockway,* 763 F.2d 1091, 1096 (9th Cir.1985) (citing *Lavin v. Marsh,* 644 F.2d 1378, 1382 (9th Cir.1981); 1 S. Williston, Williston on Contracts § 139 (3d ed. 1957)). Rambo testified before the ALJ that, on the day of his 1983 hearing, he met with his attorney and Metropolitan's attorney and they both told him that he was going to receive $80.16 per week for life. Rambo didn't recall whether his attorney told him the award could be modified. $80.16 is what Rambo was entitled to under the LHWCA for a 22½% permanent partial disability based on an average pre-injury

weekly wage of $534.38. 33 U.S.C. § 908(c)(23) (compensation equals 66⅔% of average weekly wages multiplied by the percentage of permanent impairment). The parties stipulated to the injury, the degree of disability, the compensation rate, and to an award of $80.16 per week "subject to ... all other provisions of the [LHWCA]."

■ Rambo received no less an award than he was entitled to under the statute. Both the ALJ and BRB determined that the 1983 "Decision and Order—Awarding Benefits" was not a settlement of Rambo's claim against Metropolitan, but an award of benefits based on the parties' stipulations and subject to modification under § 922. Thus, at least one of the elements necessary for application of estoppel is missing: reliance on Metropolitan to Rambo's detriment. Estoppel does not bar Metropolitan from seeking an award modification.

### 2. *Nominal Award.*

Even though Rambo did not specifically mention a nominal award before the ALJ or BRB we can consider the propriety of a nominal award on appeal. "A claim for total disability benefits includes any lesser degree of disability." *Young v. Todd Pac. Shipyards Corp.,* 17 BRBS 201, 204 n. 2 (1985). By contesting downward modification of his award, Rambo was asserting his right to an award of any size.

Rambo argues that the BRB should have modified his award to a nominal amount "in the interest of justice," rather than terminating it entirely. We have not determined the propriety of a nominal award to preserve the right to future benefits in either an initial award determination or, as here, in a modification proceeding. *See Todd Shipyards v. Office of Workers' Compensation,* 792 F.2d 1489, 1491 (9th Cir.1986). The Second, Fifth, and District of Columbia Circuits have ruled that nominal awards may be used to preserve a possible future award where there is a significant physical impairment without a present loss of earnings. *LaFaille v. Benefits Review Board,* 884 F.2d 54, 62 (2nd Cir.1989); *Hole v. Miami Shipyards Corp.,* 640 F.2d 769, 772 (5th Cir.1981); *Randall v.*

*Comfort Control, Inc.,* 725 F.2d 791, 795 (D.C.Cir.1984).

The BRB, however, "has repeatedly expressed its dissatisfaction with de minimis awards of benefits, viewing them as judicially created infringements upon the province of the legislature because they indefinitely extend the time period provided for modification by Section 22." *Mavar v. Matson Terminals, Inc.,* 21 BRBS 336 (1988) (citations omitted). Under § 922, a compensation case may be reviewed and a new compensation order issued, which terminates, continues, reinstates, increases or decreases an award, at any time prior to one year after the date of last payment of compensation or rejection of the claim. Thus, an initial finding of no economic disability may be modified only within one year of such finding, but a weekly de minimus award, in effect, extends a claimant's right to modification indefinitely.

Section 8(h), 33 U.S.C. § 908(h), sets forth how wage-earning capacity in cases of partial disability is determined:

(h) The wage-earning capacity of an injured employee in cases of partial disability under subsection (c)(21) of this section [permanent partial disability] ... shall be determined by his actual earnings if such actual earnings fairly and reasonably represent his wage-earning capacity: *Provided, however, that if the employee has no actual earnings or his actual earnings do not fairly and reasonably represent his wage-earning capacity, the deputy commissioner may, in the interest of justice, fix such wage-earning capacity as shall be reasonable, having due regard to the nature of his injury, the degree of physical impairment, his usual employment, and any other factors or circumstances in the case which may affect his capacity to earn wages in his disabled condition, including the effect of disability as it may naturally extend into the future.*

33 U.S.C. § 908(h) (emphasis added).

This section "allows the [ALJ] to consider the future effects of a disability." *Todd Shipyards Corp. v. Allan,* 666 F.2d 399 (9th Cir.1982), *cert. denied,* 459 U.S. 1034, 103 S.Ct. 444, 74 L.Ed.2d 600, *citing Hole,* 640 F.2d at 772; *Lumber Mut. Casualty Ins. Co.*

*v. O'Keeffe,* 217 F.2d 720, 723 (2d Cir.1954); *Hughes v. Litton Systems, Inc.,* 6 BRBS 301 (1977).

The disability award provided for under the Act is designed to compensate claimants for reductions in wage-earning capacity, resulting from the injury, as they may occur throughout the claimant's lifetime. The Benefits Review Board and the courts have mandated this "forward-looking perspective" precisely because of the short statute of limitations.

*Randall,* 725 F.2d at 795 (citations omitted). Both § 908 and § 922 require a "forward looking" perspective in considering whether a claimant has suffered a decline in wage-earning capacity. *Hole,* 640 F.2d at 772 (citations omitted).

■ While a nominal award does indefinitely extend the period for modification, it is the only mechanism available to incorporate the possible future effects of a disability in an award determination. Thus, it is an appropriate mechanism, especially in a modification proceeding such as Rambo's where the claimant has already been given an award based on a finding of permanent partial disability.

■ Here the evidence is uncontroverted that Rambo's permanent partial disability reduced his ability to perform his pre-injury work. This wage-earning capacity loss was sufficient to support a weekly benefits award. Rambo's physical condition remains unchanged. The evidence was also that Rambo, at the present time, was employed as a crane operator and was earning more than he had before his injury. Rambo also testified that he didn't know how long his job as a crane operator would last.

In ruling that Rambo no longer had a wage-earning capacity loss and terminating his award, the ALJ overemphasized Rambo's current status and failed to consider the effect of Rambo's permanent partial disability on his future earnings. Looking at the evidence as a whole, the ALJ's decision to terminate Rambo's benefits is not supported by substantial evidence and the BRB erred in affirming the ALJ's order.

Because Rambo has suffered a permanent partial disability, there is a significant possibility that he will at some future time suffer economic harm as a result of his injury. The LHWCA mandates a forward look in award determinations. Thus, the appropriate award modification is a small award "fashioned expressly for the purpose of preserving [Rambo's] right to receive compensation should disability in an economic sense ever visit him." *Hole,* 640 F.2d at 773.

## CONCLUSION

Metropolitan's motion to dismiss is DENIED. The BRB's order affirming the termination of Rambo's benefits is REVERSED and REMANDED for entry of a nominal award.

REINHARDT, Circuit Judge, concurring in part, dissenting in part:

I dissent because the issue whether Rambo's employer is estopped from seeking modification of his $80.16 per week compensation award cannot be decided on the record before us.

Rambo argues that Metropolitan is estopped from seeking modification pursuant to 33 U.S.C. § 922 because its attorney-representative told Rambo before he agreed to numerous stipulations that the stipulated award of $80.16 would be paid to him "for life." The majority somehow concludes either that (1) Rambo did not rely on the statements of Metropolitan's attorney or (2) he did not rely on them to his detriment. I do not think the record is sufficiently developed to permit us to reach either conclusion.

If Rambo relied on a promise by Metropolitan of an agreed-upon payment of $80.16 per week for the rest of his life and if he could have established a greater percentage of disability had he proceeded to trial as opposed to stipulating to a 22½% disability, there would be no question that he relied on Metropolitan's representation to his detriment. Unfortunately, the record before us sheds little, if any, light on the crucial issues: whether Metropolitan's counsel promised Rambo that he would receive an award that would provide a weekly payment in a fixed amount "for life;" whether, if such promise was made by Metropolitan's counsel, Rambo relied on it; and, finally, whether Rambo could have established a greater percentage disability if he had proceeded to trial.

According to Rambo, his employer's attorney did indeed promise him $80.16 per week for the rest of his life. Rambo argues that he agreed to a disability of "22½%" following the conversation during which the promise was made to him. Before us, as he did below, Rambo contends that he was induced to limit his claim to 22½% disability and not to proceed to trial by his employer's promise of a set payment for life.

The fact that the ALJ's Statement of Stipulations contained a boilerplate parenthetical phrase—"subject to ... all other provisions of the Act"—that can be construed to subject Rambo's award to § 922 modification is by no means dispositive of whether Rambo relied on the statements of his employer's representative to his detriment. Whether Rambo was led to believe that his agreement with Metropolitan would provide indefinite or permanent relief notwithstanding the inclusion of that parenthetical phrase in the stipulation is a factual question that should be remanded to the Benefits Review Board. I would remand the matter for further factual development that would enable the Board to resolve the estoppel issue properly.

Given the majority's disposition of the estoppel issue, however, I would agree with my colleagues that the Board erred in terminating Rambo's benefits rather than modifying them so as to provide for a nominal award. Thus, while I dissent from Section 1 of the majority opinion, I concur in Section 2.