134 F.3d 376
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles J. BRYANT, Petitioner,
v.
DIRECTOR, Office of Workers' Compensation Programs;
Stevedoring Services of America; Eagle Pacific
Insurance Co., Respondents.
 No. 96-70658.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted Jan. 5, 1998.
Decided Jan. 28, 1998.
 
 Petition to Review a Decision of the Benefits Review Board, United States Department of Labor, No. 93-1161; Office of Workers' Compensation Program.
 Before: PREGERSON, TROTT, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Charles J. Bryant petitions for review of a Benefits Review Board (BRB) decision which affirmed a denial of his claim for a permanent partial disability award. We have jurisdiction pursuant to 33 U.S.C. § 921(c). We vacate, in part, and remand.
 
 
 3
 Bryant was a worker covered under the Longshore and Harbor Workers' Compensation Act when he was injured on the job. Although Bryant was able to return to work after corrective surgery, he sought a permanent partial disability (PPD) award under 33 U.S.C. § 908(c)(21). The administrative law judge (ALJ) found that Bryant had a permanent impairment, the impairment prevented Bryant from working certain job sites, but that Bryant was able to work as much as he wanted to and his current wage-earning capacity was fairly represented by his actual earnings. The ALJ concluded that because Bryant was not able to show that he was suffering a decline in his earning capacity due to the disability, he was not entitled to a PPD award. See 33 U.S.C. § 908(c)(21); 33 U.S.C. § 908(h). The BRB affirmed on this issue.
 
 
 4
 We review the BRB's decision for errors of law and adherence to the substantial evidence standard. Sproull v. Director, OWCP, 86 F.3d 895, 898 (9th Cir.1996), cert. denied, 117 S.Ct. 1333 (1997). The BRB must accept the ALJ's findings of fact unless they are contrary to law, irrational, or unsupported by substantial evidence in the record considered as a whole. Id. The ALJ's decision to deny an actual, as opposed to a nominal, award was supported by substantial evidence in the record. Bryant claims, however, that the ALJ and the BRB erred because they failed to consider the appropriateness of a nominal award.
 
 
 5
 Bryant did not specifically request a nominal PPD award below and Respondent Stevedoring Services argues that Bryant is barred from raising this issue on appeal. Due to the intervening change in the law, as described below, we will consider this issue on appeal. Gates v. Deukmejian, 987 F.2d 1392, 1407-1408 (9th Cir.1992). In addition, we also find that the nominal PPD issue was sufficiently raised because "a claim for disability benefits includes any lesser degree of disability." Rambo v. Director, OWCP, 81 F.3d 840, 842 (9th Cir.1996) (citing Young v. Todd Pac. Shipyards Corp., 17 BRBS 201, 204 n. 2 (1985)), vacated in part on other grounds, 117 S.Ct. 1953 (1997).
 
 
 6
 In light of the Supreme Court's decision in Rambo, 117 S.Ct. 1953, which affirmed our recognition of the appropriateness of a nominal award in certain circumstances, Rambo, 81 F.3d at 844, we conclude that the ALJ erred when he failed to consider whether a nominal award was proper. Therefore, we remand this case to the agency for a determination regarding the appropriateness of a nominal award. In order to prevail on remand, Bryant must show that "the likelihood of a future decline in capacity is sufficient for an award of nominal compensation." 117 S.Ct. at 1964.
 
 
 7
 VACATED, in part, and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir. R. 36-3